# WINDHAM COUNTY.

## FEBRUARY TERM, 1842.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
    "   JACOB COLLAMER,  } *Assistant Justices.*
    "   ISAAC F. REDFIELD, }

JOSEPH RICHMOND *v.* JAMES STANDCLIFT and JONATHAN ALLEN.

Where two persons, one being principal and the other surety, executed a note for money borrowed, and the principal, without the knowledge of the surety, agreed to pay nine *per cent.* interest for the money, and afterwards made a payment of interest at that rate, and the sum paid was indorsed on the note, generally ; *it was held* that the surety was not thereby discharged from his liability to pay the note.

ASSUMPSIT, on a promissory note, dated March 28, 1838, given by the defendants for $85.00, to the plaintiff, or order, payable on demand, with interest, for value received.

Plea, *non assumpsit.* Issue to the country.

On the trial in the county court, the testimony tended to prove that the note was signed by Standclift as principal, and by Allen as surety, and that the plaintiff had knowledge, at the time of the delivery of the note to him by Standclift, that Allen had so signed as surety. The defendants introduced testimony tending to prove that the note was given for money loaned by the plaintiff to Standclift, and that, at the time of loaning said money and receiving the note, there was an understanding and agreement with Standclift and the

WINDHAM.
*February,*
1842.

Richmond
*v.*
Standclift
*et al.*

plaintiff, without the knowledge of Allen, the surety, that Standclift should pay nine *per cent. per annum* interest on said loan ; that afterwards, on the 28th day of March, 1839, in pursuance of said agreement and without Allen's knowledge, Standclift paid the interest at the rate of nine *per cent.*, being seven dollars and sixty-five cents, which was indorsed on the note as a payment generally; that, soon after the date of the note, Allen moved to Pennsylvania and had resided there ever since, and that Standclift and the plaintiff had, during that time, resided, near each other, in the towns of Halifax and Guilford, in this county, and that Standclift failed and became insolvent a short time previous to the commencement of the present action.

The court instructed the jury that these facts could not operate to discharge Allen the surety.

The jury returned a verdict for the plaintiff, and the defendants excepted to the decision and charge of the county court.

*Wm. C. Bradley,* for defendants.

As usury, in most states, avoids a note, it is not to be expected that we shall present an authority precisely in point ; but the defence here rests on the authority of those analogous cases of which *Pidcock et al.* v. *Bishop* is the most prominent. 3 B. & C. 605, (20 E. C. L. R. 197.) There the principal agreed with the plaintiffs, who were partners, that if they would let him have certain iron, he would, besides paying therefor the value guarantied, pay one of the partners an additional sum per ton, towards an old debt he owed him, and this last arrangement was concealed from the surety. It was holden by the court that, as this part of the bargain had a tendency to lessen the funds with which the principal might be expected to make payment, and thereby increase the risk of the surety, he was entitled to be placed on an equal footing with the other party as to information, and, as his object must have been to render the principal a service, if there was anything in the whole contract which tended to lessen the benefit which he supposed himself to be rendering, he was entitled to know it, that it might be seen whether he would or not have declined to sign the contract, and that therefore the concealment was a fraud on the surety and

WINDHAH,
February,
1842.

Richmond
v.
Standclift
et al.

avoided the contract.  See also, *Jackson* v. *Duchaire, 3* T. R. 551.  In *Williams* v. *Rawlinson,* 3 Bing. 71, (11 E. C. L. R. 36,) Ch. Justice Best fully recognized the author-ity of *Pidcock* v. *Bishop,* but the plaintiff failed in proof as to any concealment.  In *Stone* v. *Campbell,* 5 Bing. N. C. 142, (35 E. C. L. R. 57,) an attempt was made to discrimi-nate between a guaranty and a promissory note signed by a surety while still remaining *inter partes,* but the distinction was repudiated by the court, for, says Tindal, Ch. J., 'th e 'liability of the maker of the note and of the guarantor de-'pends upon precisely the same event and the extent of the 'liability is the same on either instrument.' As to the amount, it is apprehended to be of no more consequence than that of time would be, in case the creditor had given further time of payment to the principal without the assent of the surety.

*D. Kellogg* and *R. Tyler,* for plaintiff.

I. The charge of the county court was right :

1. The defendants were both principals on the note, and neither can avail himself of the right of surety without ex-pressly signing as such.

2. The promise to pay nine *per cent.* interest was without consideration and void and could injure no one.

3. If the addition of three *per cent.* had been put into a separate note, under seal, it could not have injured Allen. unless such note had been paid.  And indeed if the two and a half dollars extra had been paid, it is difficult to see how it could affect Allen.

4. The defence rests wholly on the ground that Standclift encouraged the plaintiff that he would pay him the three *per cent.* extra, but never bound himself to do it, and never did pay it.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The question in this case is, whether the facts, proved at the trial, constitute any defence against the note for either, or both of the defendants.

Conceding to the defendants the principles which regulate contracts between a creditor and the surety of his debtor, we think the decision of the county court was correct, and the facts proved did, in no way, operate to discharge the surety.

WINDHAM,
February,
1842.

Richmond
v.
Standclift
et al.

À contract, which is a fraud on third persons, may, on that account, be void as between the parties. On that principle the decision was made in the case of *Jackson* v. *Duchaire*, 3 Term R. 551, relied on in the agument; and on the same principle the decisions have been uniform that, if a creditor makes a composition with his debtor to receive a less sum than is due, and the friend of the debtor is induced to be surety for the sum agreed to be received, any secret agreement between the creditor and the debtor, that the latter shall pay any further sum, or any promissory note, or other security given for that purpose, is void between the parties, as a fraud upon that friend. The cases under this head are numerous. The case at bar is not of that character. Here was no valid or legal agreement between the parties different from the one which appeared on the note.

It is also a principle of law that the concealment from the surety of any of the material terms of the contract, which increases the risk he is under, or varies or increases his responsibility, avoids the engagement of the surety. The case of *Pidcock* v. *Bishop*, 3 Barn. & Cres. 605, was decided on this principle. In that case the object of the guarantor was that Tickell should have iron at the market price, to enable him to set up business, out of the avails of which, it was expected he would pay for the iron, and thus liberate his guarantor; whereas, by the secret agreement made by him, he was not to have the iron at the market price, but was to pay ten shilling extra per ton, on old debt, contracted before he became a bankrupt and which was probably proved and discharged under the commission. This agreement was a direct fraud on the surety, increased his risk and responsibility, and abstracted the fund, or a part of it, which should have been applied in discharge of his liability. The surety was therefore not liable on his engagement.

But the case at bar is not of that character. The agreement to pay the extra three *per cent.* was not a valid or legal agreement, neither increased the risk or responsibility of the surety, nor abstracted any of the funds furnished by the creditor to the principal, was void as against the provisions of the statute, and was never attempted to be enforced or performed, but was at most, what would be considered, by some, as an honorary undertaking, and nothing more than a

gratuitous promise, not binding, in law, or *in foro consci-entiæ.*

Our present statute does not make a usurious contract void, any further than for the sum received, or agreed to be received, above the legal interest. There was no evidence, in this case, which, on any principle, should prevent the plaintiff from recovering of the defendants the amount of the note. The judgment of the county court is therefore affirmed.