MARIAN WARD v. STEPHEN SHARP and LUCY SHARP.

*(In Chancery.)*

A witness may be compelled to give testimony, the tendency of which may be to subject him to pecuniary loss.

Payments made under an usurious contract, to an amount within that of the debt and legal interest, are to be treated as payments, generally, and in the case of a bill to foreclose a mortgage, may be insisted on by way of answer.

*Practice.* An orator, claiming as assignee of a mortgagee, cannot require a defendant to bring a cross bill for the purpose of joining the mortgagee. If that is necessary for the security of the assignee, he should see to it in the progress of the cause, and cannot take advantage of his own neglect.

When a decree is reversed on appeal by defendant, and the cause is remanded, with directions to pass an ultimate decree for orator for a diminished sum, the chancellor will be directed to deduct from orator's costs, the defendant's costs in the court above.

THIS was an appeal from a decree of the chancellor, in favor of the orator.

The bill was brought for the foreclosure of a mortgage, executed by the defendants, on the 25th of December, 1838, to William Ward, to secure the payment of a note of $800, with interest, and, by Olive Ward, executrix of the last will and testament of William Ward, assigned to the orator in part satisfaction of a specific legacy in said will.

The defendants alleged, in their answers, that they received but $768 as a consideration for said note—the difference having been reserved for extra interest of four per cent. thereon, for one year; and that, at the expiration of one year, when the note became payable, the said Olive, executrix, demanded, and received from the defendant, Stephen Sharp, a note for $32, as, and for, extra interest of four per cent. on said note, for the year then next ensuing—which note for $32, had been paid; and claiming, that said two sums of $32 each, be applied on said note, in the mortgage specified.

The answers were traversed, and testimony taken. Among the witnesses, was the said executrix, Olive Ward, who, it appeared, had acted as the agent of her husband in receiving the note of $800, and loaning the money for which it was given.

It appearing that the said Olive was residuary legatee under said will, and that her interest would be affected by the deduction claimed by the defendants from the note assigned to the orator, in part of her specific legacy, it was objected by the orator that she was not compellable to testify, as the tendency of her testimony would be to subject her to pecuniary loss.

*Allen & Platt*, for the orator, contended that a witness is not compellable by law to testify against his interest, and cited Peake's Ev. 137–138, in n. *Bain* v. *Hargrave*; 1 Str. 406; 1 Phil. Ev. 377 ; *Moreau* v. *Lamb*, 7 Cow. R. 174; *Benjamin & Moore* v. *Hathaway*, 3 Con. R. 529 ; Swift's Ev. 77 ; *White* v. *Everest*, 1 Vt. R. 182.

If the late decisions in the English courts have been different from this, they have been founded not on the common law, but on the statute of 46 Geo. III. c. 37. See Stark. Ev. 2d part, 134.

They further contended that, if any thing above six per cent. was paid, the remedy was not against the orator in this suit—that when a statute has created a new right, and prescribed a remedy, the statute remedy must be pursued. 6 Dane, 589, sec. 9 ; *Smith* v. *Drew*, 5 Mass. R. 515.

To the allowance of the first sum, alleged to have been paid on the 25th December, 1838, they objected, 1. That this claim, coming under the statute of 1836, was barred— the right of action for its recovery being limited to one year from the receipt of the money ; 2. That, by the same statute, which gives the right, and prescribes the remedy, the action must be brought by the person who paid the money, against the person receiving it, and that, therefore, the claim could only be enforced against Wm. Ward, or upon his decease, against Olive Ward, his executrix. And, as to the other sum, alleged to have been received as usury, they maintained that, if the execution of the note of $32, was to be regarded as payment of the unlawful interest, then, the claim for it was barred by the statute of 1836 ; but that, if it was the payment of that note in 1841, then it came under the operation of the revised statutes of 1839, p. 366, the effect of which would be, to restrict the remedy to an action against the executrix, to whom the money was paid.

*C. D. Kasson,* for defendants.

I. The objection to the competency of Olive Ward, as a witness, on the ground of interest, is untenable, on several grounds.

1. If interested at all, she is so by her voluntary act. The moneys received by her were received as agent, or servant merely; and, as such, she was competent; and her embezzling the funds shall not deprive us of her evidence. 1 Stark. 750–1.

2. She is admissible *ex necessitate.* She acted as the servant and agent of the holders of the claim. 1 Stark. 753, 767–8.

3. It does not appear that the interest existed at the time of examination. 1 Stark. 757, n.

II. Are the defendants, then, entitled to the application sought by the answer?

This court will compel the application of moneys paid pursuant to an usurious contract, though paid voluntarily. *Dey* v. *Dunham,* 2 J. C. R. 182; *Bosanquet* v. *Dashwood,* Cases temp. Talbot, 37; *Salmon* v. *Bennett,* 1 Conn. 552. Nor can the oratrix avail herself of the statute of limitations, without expressly pleading it in bar to such a claim set up in the answer. *Dey* v. *Dunham,* 2 J. C. R. 182–91; *Prince* v. *Heylin,* 1 Atk. 493.

A defendant is only driven to a cross bill when he seeks either a *discovery* from the orator or some specific *relief.* Story's Eq. Pl. 312–13–14, *et seq.*; 2 Sch. & Le. 11, (note.) 2 Atk. 57; *Fife* v. *Clayton,* 13 Ves. 425, 545.

But when the *matter of the defence* does not call for a *substantively different decree* from the one prayed for in the bill, a cross bill is unnecessary, and it may be proper for an answer.

Here the orator takes the decree sought, both in *form* and *substance,* limiting only the *amount.* The effect is a mere direction to the master as to the mode of making up his report. It raises no new case; it introduces no new matter; it simply defeats or annuls, or rather *satisfies,* a certain portion of the orator's claim.

The court will give us the necessary cost incurred in enforcing the application of these payments. 2 Atk. 61.

The opinion of the court was delivered by

REDFIELD, J.—A witness may be compelled to testify to facts, which will have such a tendency, in regard to the determination of the case, as, by consequence, to subject the witness to pecuniary loss. Such has long been the settled practice in this state. The better opinion is, that this was the rule at common law. A majority of the judges so determined, in the case of Lord Melville, on the question being proposed by the House of Lords ; but some of the judges being of a contrary opinion, the statute of 46 Geo. III. ch. 37, was passed, to put the matter at rest, which may be regarded but as an affirmance of the common law.

In regard to the right of the defendants to the application sought, there can be no doubt. Payments made in pursuance of an usurious contract, to an amount within the debt and legal interest, are to be regarded as payments, generally, and in a bill to foreclose a mortgage, founded upon such contract, may be insisted on by way of answer. Lord Mansfield, in *Smith* v. *Bromley*, reported in note to Douglass, 197, in commenting upon *Tompkins* v. *Bennet*, 1 Salk. 22, fully recognizes this rule, in regard to the effect of such payments. See, also, *Dey* v. *Dunham*, 2 Johns. Ch. R. 182–191.

The orator claiming as assignee of the mortgagee, will not justify her in requiring the defendants to bring a cross bill, in order to join the executrix of the mortgagee. If there is any importance in joining the mortgagee in such case, it is for the security of the assignee, and he should see to that, in the progress of the cause in the court of chancery, and cannot take advantage of his own neglect in that particular.

The decree of the chancellor is reversed, and the cause remanded, with directions to deduct the payments made on account of usurious interest, and also to deduct the amount of the defendant's costs in this court, from the orator's costs in the court of chancery.