CALVIN S. GROW *v.* ELIJAH ALBEE.

Where usury is included in mortgage notes, and a bill of foreclosure is brought, the defence, based upon the usury, must be made in that suit, or the decree will conclude the right. But if the *original contract*, evidenced by the mortgage notes, was not usurious, the *subsequent* payment of usury upon it has no legal connection with it; and the amount so paid may be recovered back in an action for money had and received, notwithstanding a decree of foreclosure may have been obtained, without any allowance for the usury so paid.

ASSUMPSIT for money had and received. Plea, the general issue, and trial by the court, June Term, 1846,—ROYCE, J., presiding.

On trial the facts appeared as follows. On the sixth day of February, 1841, the plaintiff gave to the defendant his note for $50,00, payable the first of January next ensuing, with interest; and on the ninth day of March, 1842, he paid to the defendant six dollars, for which the defendant endorsed on the note "one year's interest." The defendant also held another note against the plaintiff, dated

Grow *v.* Albee.

October 29, 1839, for $104,00, payable in one year from date, with interest; on which was endorsed, October 15, 1840, "one year's interest,"—and October 16, 1841, "one year's interest and $18,00 on the principal." At the time this last endorsement was made the plaintiff paid to the defendant thirty dollars. On the 17th day of March, 1842, the plaintiff substituted for these notes a new note for $173,10, and gave a mortgage deed, to secure its payment, upon which a decree of foreclosure was afterwards obtained, for the full amount appearing due upon the face of the note; and the mortgaged premises were redeemed by payment of that amount.

The court found, that three dollars was paid, March 9, 1842, as usurious interest upon the note for $50,00, and that six dollars was paid, October 16, 1841, as usurious interest upon the note for $104, and rendered judgment for the plaintiff to recover the sum of nine dollars, and interest from the time of payment. It did not appear, that the plaintiff had demanded of the defendant the money so paid, prior to the commencement of this suit. Exceptions by defendant.

*S. B. Colby* and *C. W. Prentis* for defendant.

The county court erred, in not treating the decree in chancery upon the last note as a bar to this action. *Bearce* v. *Barstow*, 9 Mass. 45. *Thatcher* v. *Gammon*, 12 Mass. 268. The last note having been given on settlement of the first notes, and substituted for them, it is a continuation of the same transaction; and usury paid on the second security was allowed to be recovered in a declaration on the original contract. *Collins* v. *Roberts*, Brayt. 235. *Bridge* v. *Hubbard*, 15 Mass. 96. And the county court having found, that usurious interest was paid on the first notes, they became usurious. 15 Mass. 96. The payment of usury is evidence of an agreement to that effect. 1 Saund. R. 431, n. 1 Str. 498. *N. Y. Firemen's Ins. Co.* v. *Ely*, 2 Cow. 715. The original notes being usurious, the last note became so; and the plaintiff might have made the usury a defence, *pro tanto*, to the suit in chancery;—and not having done so, he is concluded.

*J. Cooper* for plaintiff.

The opinion of the court was delivered by

REDFIELD, J. The only question, in the present case, is, whether the plaintiff is concluded by the decree of foreclosure from recovering the usury paid upon the notes included in the decree. We have examined the subject, both in this case and that of *Day* v. *Cummings, ante,* page 496; and the result of that examination is a very full conviction, that the plaintiff, upon the facts found in the case, is entitled to recover.

From this case it does not appear, that the original contract was usurious. And we cannot *presume* that it was. The subsequent payment of usury, under any state of the law, will not *infect* the *original contract.* And had those notes been sued, they could not have been defended, under any state of usury laws before known in this state, upon the ground of the payment of usury subsequent to the giving of the note, and not in pursuance of the original contract. If, then, the notes given up were perfectly valid, and might have been enforced at law, so, also, was the substituted note, which was given simply for the old notes, not including usury.

And although, when the defendant brought his bill to foreclose, the plaintiff might, by way of answer, have insisted upon the usurious payments, as equitable grounds for reducing the amount of the decree,—as is said in *Ward v. Sharp,* 15 Vt. 118,—still the defendant was not bound to make the defence there; and if made, it is rather in the nature of an equitable offset, than of a technical payment. If the usury is included in the notes, which constitute the basis of the decree, then the defence *must* be made there, or the judgment will conclude the right. But that is upon the ground, that, *when the usury is included in the security,* it is not considered as paid, until the entire sum secured is paid; or rather, the first payments will go in extinguishment of the sum loaned, and the legal interest; and so the judgment upon the security, *for the last dollar only,* settles the right to retain the usury. So, too, money paid in obedience to a decree or judgment of court, is not, and cannot be esteemed, an *unlawful* payment. So, too, the judgment upon the security for the whole, or any part, of the money secured, *settles conclusively* the *validity* of the contract; and no recovery back can subsequently be had, which goes upon the ground of its *invalidity* and *illegality.*

But when, for aught which appears, the contract was not originally tainted with usury, and when no such taint enters into its renewal, the payment of money, as usury, *eo nomine*, is the consummation of an unlawful payment and may be recovered back, whether the debt is paid, or not. It has no legal connection with the original contract or security whatever, and the right to retain it is in no way affected by any proceedings had in regard to the original security. See the following cases, as tending to confirm the views here taken. *Smith* v. *Bromley*, Doug. 697, n. *Dey* v. *Dunham*, 2 Johns. Ch. R. 191. *Johnson* v. *Johnson*, 11 Mass. 359. *Gaither* v. *Bank of Georgetown*, 1 Pet. 43. *Simpson* v. *Warren*, 15 Mass 460. *Commonwealth* v. *Frost*, 5 Mass. 53. *Thatcher* v. *Gammon* 12 Mass. 268. *Scurry* v. *Freeman*, 2 B. & P. 381. The mere taking security for usury is not the offence, but the *payment* of it. *Thomes q. t.* v. *Cleaves*, 7 Mass. 361. And whenever the usury, *eo nomine*, is paid, the right to recover the excess is perfect, notwithstanding the debt may never be paid. *Lloyd* v. *Williams*, 3 Wils. 250. S. C., 2 Bl. R. 792. *Wade q. t.* v. *Wilson*, 1 East 195.

Judgment affirmed.