MARIAN WARD *v.* EBENEZER L. WHITNEY.

*Usury.   Principal and surety.*

Payments of usurious interest *eo nomine,* for the loan of money represented by a note, which in itself contains no usury, can be recovered back by the party making them, whether the note is paid in full or not; and the fact that such payments have been made by the principal will not avail the surety as a defence *pro tanto,* in an action on the note against him alone.

The right to recover such usurious payments, or to have them applied as payments upon, or offsets to the note, is confined to the party who has paid the usury.

ASSUMPSIT upon a promissory note.   Plea, the general issue, and trial by jury, at the September Term, 1858, in Chittenden county,— BENNETT, J., presiding.

The note declared upon was a joint and several promissory note, signed by one Ayres as principal, and by one Ward and the defendant as sureties.   The defendant introduced evidence tending to show that some years before the date of the note the plaintiff had loaned to Ayers a sum of money, and taken his individual note therefor ; and that such note had been renewed from time to time by Ayres; and that at the date of the note declared upon, the plaintiff gave up to Ayres a note so taken of him, and took the note in suit therefor ; that Ayres had, from time to time, after the lending of this money by the plaintiff to him, up to the date of the note in suit, paid upon this loan and upon the notes signed by him, interest at the rate of eight or ten per cent ; that the defend-

ant was surety for Ayres on the note in suit, and that he had not signed any of the other notes given to the plaintiff by Ayres; that no extra interest had been paid upon the note in suit and that none was included therein otherwise than by the payment of usurious interest by Ayres, as aforesaid, which usurious interest had not been deducted from the note in suit, or from either of the former notes given by Ayres alone.

The defendant insisted that if the jury should find that usurious interest had been paid by Ayres to the plaintiff, on the original loan on the notes for which the note in suit was given, to that extent it extinguished the debt; and that the jury should deduct the same, in their verdict, from the note in suit.

But the court decided otherwise, and directed a verdict for the plaintiff for the amount of the note and interest, to which the defendant excepted.

*H. B. Smith* and *George F. Edmunds*, for the defendant, cited *Ward* v. *Sharp*, 15 Vt. 115; *Smith* v. *Bromley*, Doug. 197; *Day* v. *Dunham*, 2 Johns. Chan. 182–191; Blydenburgh on Usury 106; *Fields* v. *Gorham*, 4 Day 254; *Bridge* v. *Hubbard*, 15 Mass. 96; *Warren* v. *Crabtree*, 1 Greenl. 167; *Huntress* v. *Patten*, 2 App. 28; *Dix* v. *Van Wyck*, 2 Hill 522; *Livingston* v. *Harris*, 11 Wend. 329; *Cole* v. *Savage*, 10 Paige 583; *Post* v. *Bank of Utica*, 7 Hill 391; *Gibson* v. *Stearns*, 3 N. H. 185; *Steele* v. *Franklin*, 5 N. H. 376; *Baggs* v. *Lendenbuck*, 12 Ohio 153; *Tuthill* v. *Davis*, 20 Johns. 285.

*E. R. Hard* and *J. French*, for the plaintiff, cited *Barker* v. *Esty & Tr.*, 19 Vt. 131; *Nichols* v. *Bellows*, 22 Vt. 581; *Bearce* v. *Barstow*, 9 Mass. 45; *Reading* v. *Weston*, 7 Conn. 409; *Knight* v. *Putnam*, 3 Pick. 184; *Little* v. *White*, 8 N. H. 276; *Grow* v. *Albee*, 19 Vt. 540; *Day* v. *Cummings*, 19 Vt. 496; *Hazard* v. *Smith*, 21 Vt. 128; *Nelson* v. *Cooley*, 20 Vt. 201; *Green* v. *Morse*, 4 Barb. 332; *Wescott* v. *Davis, Ib.*; *Little* v. *White*, 8 N. H. 276.

POLAND, J.   As we understand the facts from the bill of exceptions in this case, Ayres obtained a loan of money from the plaintiff, and executed to her his note for the real amount received

with legal interest, so that there was no usury included in the security, and the note was perfectly legal and valid in all respects. Ayres, by virtue of some parol contract or agreement, whether made at the time of the original contract for the loan, or subsequently, does not appear (nor does it appear to us, in the present state of the law, material how it was,) made payments to the plaintiff of usurious interest for delay of payment. These payments were made as payment of usurious interest *eo nomine,* and not upon the note itself, because no usurious interest was included in the note, but was paid upon a contract *outside* the security for the money. We think such payment by Ayres would have entitled him by the provisions of our statute and under our decisions, to have immediately commenced and sustained an action to recover back the usurious interest so paid. It is not important whether he gave a separate written security for the usurious interest, but the true distinction between the cases, as to whether the payment of usurious interest operates as a direct payment upon the note itself, is, whether the usurious interest is included in the note itself, or is paid upon a contract or agreement outside the note, either in writing or in parol.

After the note had run for some time, and had been renewed by Ayres, the note in suit was executed for the same debt, and the defendant and another person signed it as sureties for Ayres; but no usurious interest was included in it, nor has any been paid upon it. The defendant insists that as Ayres had paid usurious interest to the plaintiff upon the same loan, in law it should be regarded as a payment upon the note, and that therefore this note is to be regarded as including the amount Ayres had paid above the legal interest, or that so much of the debt was really extinguished, so that there was no legal consideration for this note to the same extent. But, as already stated, we think those payments are not to be regarded as payments on the note, because the sums paid were never included in the note, and that they did not in law extinguish any part of the legal debt; but that they created an independent legal ground of action in favor of Ayres against the plaintiff, which he could enforce by a suit against the plaintiff, whether the note itself had been paid or not. It is probably true that if the plaintiff had sued Ayres on the note he

could have set up the payment of this usurious interest as a defence *pro tanto*, either as an offset or payment, and had it deducted from the note, for though the statute only declares that the party paying usurious interest may sue and recover it back, still, when sued by the party against whom he has such claim, he may, to avoid circuity of action, set it up by way of defence, to the extent of his right.

The defendant, then, when he signed the note to the plaintiff, entered into a contract that was perfectly binding and legal, and upon a full consideration, but his principal held an outstanding, independent claim against the plaintiff.

Now upon common principles, if this had been an ordinary legal debt in favor of Ayres against the plaintiff, the defendant, when sued alone, could not set it up by way of defence at law, because not between the same parties. If there were any special equities in the matter, arising from the insolvency of the principal, or other causes, he must enforce them by an application to a court of equity.

But the present case presents a further difficulty; the claim of Ayres for the usurious interest paid was in the nature of a penalty, " as for a tort," and by the statute is given or left to his personal choice or discretion, whether he will enforce it or not, and if he do not elect to do so, no other person, not even a surety, can set it up for him. The statute intended to leave the enforcement or waiver of such rights to stand upon the personal honor of the party. Under the old law in relation to usury, which made the security entirely void when there was an agreement for usurious interest at the time the loan was made, whether the usury was included in the security itself or in a separate one, or even when the agreement for the payment of usurious interest rested in parol, any party who was directly affected by the contract, either by privity of interest, estate, or representation, might avoid the contract by showing its unlawful character. The authorities relied on by the defendant mainly arose under that class of laws against usury, and have little if any effect upon the question involved here.

Whether Ayres, the principal, could himself have set up his claim against the plaintiff for usurious interest paid on the former

notes, as a defence to that extent, it is not necessary now to decide, but we think the defendant cannot, for the reasons before stated.

It is said to be a great anomaly that the surety cannot avail himself of any and every defence that the principal could, if he were sued, and that it operates as a great hardship on the surety, and also on the principal, as he may be compelled to repay to the surety all that is collected of him. But this anomaly, if it be one, exists in every case where the principal's defence would be by setting up a counter claim in his own favor against the plaintiff, and with still more reason, when his claim is personal to himself and he only can enforce it. *

The surety is only made liable to perform the contract he entered into which was legal and valid, and he has his remedy over against the principal for all he is compelled to pay, and when it is paid by the principal he then has his remedy against the plaintiff to recover back the usurious interest he has paid, which is all the remedy given by statute in such a case.

We think these principles are all fully supported by the cases in this State cited in the argument, especially by *Barker* v. *Esty & Trustee*, 19 Vt. 131 ; *Nichols et al.* v. *Bellows*, 22 Vt. 581 ; and *Grow* v. *Albee*, 19 Vt. 540.

The judgment below is therefore affirmed.