PARKMAN T. DAVIS *v.* JOHN K. CONVERSE, BUEL W. SMITH, AND CHARLES J. ALGER.

[IN CHANCERY.]

*Principal and Surety. Promissory Note. Usury. Foreclosure of Mortgage. Chancery. Statute of Limitations.*

A promissory note is not void as to a surety, on the ground that, without his knowledge, at the time of the delivery of the note the principal agreed to pay, and afterwards did pay, the holder an illegal rate of interest thereon.

If a surety upon a promissory note give a mortgage to the holder to secure its payment, in a proceeding in chancery to foreclose such mortgage the principal upon the note should be made a party.

If, in such a foreclosure case, the principal is not made a party, and he has made payments of usury *eo nomine* upon the mortgage note, on the face of which no usury was included, and he appears before the master on the assessment of the amount due, and claims that such usury be applied as payments towards the principal of the note, he will be estopped from afterwards recovering such usury of the person to whom it was paid, and the defendants in the foreclosure proceeding are entitled to have the benefit of such application.

But if six years have elapsed since the payment of the usury before the principal signifies his election to have it applied as a payment upon the note, his right to make such election is barred by the statute of limitations.

PETITION for the foreclosure of a mortgage executed September 26th, 1854, by the defendant Converse to the petitioner, to secure the payment of a promissory note for one thousand dollars, dated February 26th, 1851, signed by Charles P. Allen, James H. Allen and the defendant Converse, and payable to the petitioner or order, in one year from its date, with interest. The defendants, Smith and Alger, were made parties by reason of having received subsequent mortgages or assignments of the property in question, subsequent to the petitioner's mortgage.

The petition was taken as confessed for want of an answer, and the cause was referred to a master for assessment of the amount due on the mortgage. The hearing before the master was had on the 7th of October, 1861, and from the evidence before him, he reported the following facts.

On the 26th of February, 1851, Charles P. Allen borrowed of the petitioner one thousand dollars, and gave him therefor the note described in the mortgage in question. Upon this note James H. Allen and Converse were merely sureties. At the time of this loan, Charles P. Allen verbally agreed to pay the petitioner nine per cent. interest thereon. Charles P. Allen, in accordance with this agreement, paid the petitioner nine per cent interest yearly, down to and including the year 1857, and, on the occasion of each payment, an endorsement of the payment of one year's interest was made upon the note, or a receipt to the same effect was given by the petitioner to Allen. Allen made these payments solely as interest, and with no intention or expectation that any portion of them should be applied towards the principal of the note. Neither did Charles P. Allen ever make any request to the petitioner to have the excess of legal interest so paid by him, applied in payment of the principal of the note, until the hearing before the master, when, being a witness for the defendants at such hearing, he claimed and requested that such excess of interest should be applied in part satisfaction of the principal of such note. From the time of the payments of such illegal interest, Allen never made any claim or demand to recover the same of the petitioner.

The master further reported that in September, 1854, Charles P. Allen having become pecuniarily embarrassed, the petitioner threatened to put the note in suit against Converse unless he would give him additional security for the note, whereupon Converse executed to the petitioner the mortgage in question Converse at the time this mortgage was executed, had no knowledge of any agreement on Allen's part to pay the petitioner more than six per cent. interest, or that he had paid a higher rate, but he supposed that Allen had simply paid that rate of interest.

On the hearing before the master, the defendants insisted that they were entitled to have all excess of interest paid by Allen, applied as payment towards the principal of the note. The petitioner, on the other hand, claimed firstly, that only Charles P. Allen had the right to insist that such payments should be applied towards the principal, and that as he was not a party to this proceeding, the defendants could take no advantage of

such right; and secondly, that so far as concerned such pay-ments of illegal interest as were made more than six years pre-vious to the hearing before the master, neither the defendants, nor even Charles P. Allen himself, had the right against the petitioner's objection, to have them applied as payments upon the principal of the note.

The master reported the amount due upon the note upon the three several bases above named.

PIERPOINT, Chancellor, at the September term, 1862, ren-dered a decree of foreclosure for the largest sum reported by the master, from which decree the defendants appealed. The case was twice argued by

*Wm. G. Shaw,* for the orator.

*M. L. Bennett,* for the defendants.

POLAND, Ch. J.   The claim of the defendant Converse, that the orator's note is illegal and void as to him, on the ground of the agreement by Allen, the principal, to pay more than legal in-terest thereon, which was not known by the surety at the time of executing the note, is settled against him by former decisions of this Court; *Richmond v. Standclift et al.,* 14 Vt. 258; *Bank of Middlebury v. Bingham et al.,* 33 Vt. 621.

If this were otherwise, it would seem quite too late for the defendant to make the objection, after allowing the bill to be taken as confessed against himself, upon the accounting before the master.

The questions now before the Court in the case, arise upon the master's report, in respect to deductions claimed against the mortgage note, for usurious interest paid by Allen, the principal. Allen, the principal on the note, not being a party to the mort-gage, is not made a defendant in this bill of foreclosure, and as the usurious interest he paid was not included in the note itself, and therefore, when paid, was not endorsed upon the note, the orator claims that no part of such payments can be applied to reduce the sum due the orator, which the defendant Converse must pay to redeem the mortgaged premises.   It is claimed by the orator

that the decisions in this State go to the extent of holding, that if a suit were brought by the orator on this note against Converse alone, he could not set up in defence such payments of usurious interest by his principal, and that he cannot be in any better condition in this proceeding to foreclose the mortgage given by him. Whatever difficulties there may be in the way of a surety, when sued alone in an action at law, setting up offsets or counter claims in favor of the principal against the creditor, we think they do not apply here.

Converse mortgaged his land to the orator to secure Allen's debt, and in any proceeding in equity to foreclose the mortgage, Converse should be allowed to redeem by paying what is justly due upon Allen's debt to the orator.

Properly Allen should have been made a party defendant in the suit, for the reason that he might be a necessary party to the accounting before the master, and had the objection been taken in time the court would probably have compelled the orator to have brought him in. But the objection not being made in the outset, the court will proceed without him, provided a decree can be made which will properly protect the rights of the parties already before the court.

If Allen were a party, as he should have been, then it is not claimed but that he would have the right to claim that all payments of usurious interest made by him to the orator, which he could legally compel the orator to repay, should be deducted from the mortgage debt; and the orator by omitting to make Allen a party, ought not himself to obtain any advantage thereby, provided his own rights can be secured. The usurious payments made by Allen to the orator not being for usury included in the note, and so not endorsed upon the note, created a legal ground for Allen to sue and recover the same from the orator, and this without regard to whether the note given the orator for the money borrowed and the lawful interest, had been paid or not. To allow Converse to have the payments applied in deduction from the orator's debt, and at the same time leave the orator liable to an action by Allen for the same, would be manifestly unjust. But it appears to us that Allen by coming before the master and claiming to have such payments applied toward

the extinguishment of the mortgage debt, and having them so applied, effectually precludes all claims by himself to again recover the same by action, and furnishes conclusive record evidence for the orator's protection against any such action.

A portion of these payments of usurious interest by Allen were made more than six years before the time of hearing before the master, where for the first time, as appears, any claim was ever set up against the orator for such payments, or any claim to have them applied against the mortgage debt.

The orator insists that all claim for these payments, either by action, or by way of deduction, is barred by the statute of limitations, and that only those payments made within six years can be allowed.

This depends wholly upon the character of such payments, whether they were really payments upon the debt when made, or whether they created an independent substantive claim in favor of Allen, the party paying them, to be enforced by suit, or if allowed against the mortgage debt, they come in rather as an equitable set-off, than as a payment.

If they are to be treated as payments upon the debt, when made, then, of course, they are wholly unaffected by the statute of limitations ; if they are of the character of a counter claim, or set-off, and Allen's right under them is to stand upon the same principle, as if he was endeavoring to enforce it by an action, then all beyond six years are bound by the statute. That Allen has the right to treat these payments as creating an independent substantive cause of action in his favor, and to enforce the same by an action against the orator, and to refuse to allow them to be applied as payments upon the debt, is conceded, but it is claimed that he is entitled to his election, to treat them in that manner, or as payments upon the debt.

This must be determined by a reference to former adjudications of the court, where the subject of such payments has been considered. It seems now to be settled by repeated decisions, that where usury is included in a note or other security, and when paid is endorsed upon the note, it is to be considered as a payment upon the note itself, and no action can be maintained to recover back the usury paid, so long as there remains due any

part of the principal, and lawful interest, but that where the security is only for the principal and legal interest, and the unlawful interest is either put into a separate obligation, or rests in a verbal agreement, so that when paid it is not endorsed upon the note, but is paid as usury *eo nomine*, it is otherwise, and a right of action accrues immediately to sue and recover it back, though the lawful debt is still unpaid. *Grow* v. *Albee*, 19 Vt. 540 ; *Nelson* v. *Cooley*, 20 Vt. 201 ; *Day* v. *Cummings*, 19 Vt. 496 ; *Nichols* v. *Bellows*, 22 Vt. 581 ; *Ward* v. *Whitney*, 32 Vt. 89.

In many of the cases this right to recover back usury paid has been said to be a personal right in the party paying, which no other could enforce for him, and sometimes it has been treated as being rather in the nature of a tort than a contract.

Whether this latter view be well founded or not, it shows clearly that the right has been fully regarded as an independent claim in the party making such payment, and disconnected from the original debt.

And though it has been held in many of the cases, that in an action for the debt itself, or to enforce a mortgage security for the debt, such payment may be set up as a defence to that extent, yet this is no more than might be done with any other valid claim the debtor might have against the creditor; and by no means proves that the debtor has the right in all cases, and in all respects to treat it as strictly a payment upon the debt.

We are not aware of any case where it has been held that such payment could be set up by way of defence, to any greater extent, than it could be enforced by an action to recover it back. It is said that in *Ward* v. *Sharp*, 15 Vt. 118, the defendant was allowed to claim a deduction of usury paid, where his right to recover it back was barred by the statute, but it will be seen by a reference to that case, that the item of usury claimed to be thus barred, was usury included in the note itself, and under all our decisions, would be a proper payment upon the debt itself. We are not aware of any reported case, where the precise point here raised, has been decided, but we have been furnished with the manuscript opinion of Judge Royce, in the case of *Boynton* v. *Nash*, decided in this county in 1851, in which he holds, that

the statute of limitations is a good bar to a claim founded upon such usurious payments, even in equity, and the record of the case shows that judgment was given in accordance with such opinion.

This decision seems to us to be in harmony with the general tenor of all the decisions upon the subject of such payments, while to hold that the debtor may, after he has allowed his claim to sleep until it is barred by the statute, set it up as a payment upon the debt, would conflict with the spirit of numerous adjudged cases.

Nor do we see that there is any good ground for the debtor to claim that he is harshly treated, when he is allowed to deduct to the same extent that the law would afford him redress by action. And it seems to us that the general purpose and spirit of the statute of limitations, as a statute of repose, and a protection against stale and unjust claims, is as justly and fairly applied to such a claim as any other, and that such payments not made on the debt itself, and where evidence of them rests in parol, may as reasonably be expected to be set up without jus foundation as any.

The decree of the chancellor is reversed, and the case remanded with directions to deduct the payments of usurious interest made by said Allen to the orator within six years before the time of taking the account before the master, (October 7th, 1861,) and after making such deduction, to enter a decree of foreclosure for the orator in the usual form.

The orator to be allowed no costs in this court, and the defendant's costs in this court to be deducted from the decree.