### D. McDONALD v. JACOB SMITH.

#### *Usury.   Pleading.*

1. Usury paid on a note, not included in it, nor indorsed on it, may be recovered back by the payer, although the note has passed into a judgment; and a plea setting up such facts is held insufficient on demurrer.
2. And this is so, while it is true, as decided in *Day* v. *Cummings*, 19 Vt. 496, that, when the usury is included in the note, and judgment has been rendered on it, it cannot be recovered back.
3. The party paying the usury can plead it in offset; but his neglect to do so, is no bar to his recovering it in an independent suit.
4. Where usury has been paid on a mortgage note, and the mortgage has been foreclosed, and the usury was deducted on the making of the decree, although this was done at the instance of an attaching creditor, while the payer of the usury (the plaintiff in this suit) protested against such deduction, such usury cannot be recovered; and a plea alleging such facts, on demurrer, is held sufficient.

THIS is an action of general assumpsit, with specification of nine items for usury filed in the case.

The defendant plead the general issue, and several pleas in bar, and in offset. The plaintiff demurred generally to 3d and 5th pleas, and traversed the other pleas.

The County Court sustained the demurrer, *pro forma*, and rendered judgment, *pro forma*, that said pleas were insufficient. But as said pleas, if sufficient, were a bar to plaintiff's action, the court, in its discretion, ordered that the case pass to the Supreme Court for hearing and determination, according to the act ap-

3

proved November 11, 1876 ; and cause continued, to await the decision of the Supreme Court.

The case was heard at the September Term, 1879, REDFIELD, J., presiding.

##### PLAINTIFF'S SPECIFICATIONS.

Action of general uassmpsit, with the following specification :

To usury paid by plaintiff to defendant as follows :

| | | |
|---|---|---|
| 1. | July 2, 1870, | $70.00 |
| 2. | July 2, 1871, | 70.00 |
| 3. | July 2, 1872, | 70.00 |
| 4. | July 2, 1873, | 70.00 |
| 5. | July 2, 1874, | 70.00 |

The above being usury paid on a mortgage note of $3,500.00. Also, for usury as follows:

| | | |
|---|---|---|
| 6. | July 2, 1870, | $30.00 |
| 7. | July 2, 1871, | 30.00 |
| 8. | July 2, 1872, | 30.00 |
| 9. | July 2, 1873, | 30.00 |

Being usury paid by plaintiff to defendant on a mortgage note for $1,500.00.

The defendant's third plea set out that the plaintiff, on the 2d day of July, A. D., 1870, gave a promissory note to the defendant and his son, partners, for the sum of $3,500 ; that he executed a mortgage to secure it, on certain lands in Montpelier ; that he did pay on said note, as extra interest, the sums mentioned in the first five items of the specification ; that the Keene Chair Company attached the said lands on the debts of the plaintiff ; that said Jacob Smith & Son brought their petition to foreclose said mortgage ; that said company appeared before the master, as attaching creditor of said McDonald, and claimed that said extra interest should be deducted from the amount due said Smith & Son ; and that it was deducted, and not included in the decree made by the court ; and that the plaintiff did not redeem, or appeal. The defendant's fifth plea admitted the payment of extra interest, as set out in the last four items of the plaintiff's specification, on a $1,500 note ; but claimed that the note had been sold to I. W. Brown ; that Brown, after the payment of all the extra interest, had sued, and recovered judgment on said note against the plaintiff ; that said judgment had never been collected, and was in full force ; that,

subsequently, said Smith purchased said judgment of said Brown, as he had guaranteed it. The plea did not claim that the extra was taken out of the judgment.

*Heath & Carleton*, for the plaintiff.

As to the defendant's third plea we submit : The usury was not included in the note, nor paid as part of the debt, but as usury, *eo nomine*. The right to recover usury so paid is a personal one. The usury does not pass to an assignee in bankruptcy, as held in *Nichols* v. *Bellows*, 22 Vt. 581 ; nor does it avail a surety ; *Ward* v. *Whitney*, 32 Vt. 89 ; nor a subsequent mortgagee, *Churchill* v. *Cole*, 32 Vt. 93. An attaching creditor can have no greater right. See *Barker* v. *Estey*, 19 Vt. 131 ; *Ewing, Exr.* v. *Griswold*, 43 Vt. 400 ; *Cadys* v. *Goodnow,* 49 Vt. 400 ; *Reed* v. *Eastman*, 50 Vt. 67 ; *Spaulding* v. *Davis*, 51 Vt. 77. Usury laws are for the protection of the borrower only. *Austin* v. *Chittenden*, 33 Vt. 553. The plaintiff is not concluded by the decree. *Carpenter* v. *Millard*, 38 Vt. 9. As to the defendant's fifth plea, the usury was not included in the notes, and was no necessary part of the judgment recovered on them. The judgment in such case is no bar. *Day* v. *Cummings*, 19 Vt. 496 ; *Grow* v. *Albee*, 19 Vt. 540.

*J. A. & G. W. Wing*, for the defendant.

The defendant's 3d plea is sufficient to bar the plaintiff's recovery on the first five items in plaintiff's specification. The application of these in payment of the note, on which the usury was paid, is final and conclusive between the parties. It was a judgment and decree of the Court of Chancery, and was unappealed from and binding. The plaintiff in this suit appeared before the master in chancery, and objected to the usury being applied, in reduction of the note ; but it was applied and so decreed ; and no appeal was taken. That decree is in full force. No principle of law or equity will allow the payment of this money again. Equity was satisfied, when the money, paid on the note as usury, was applied in payment of the note as payment. By submitting to the decree, the plaintiff is now estopped. *Rublee* v. *Chaffee*, 8 Vt.

111, 113. The fifth plea is sufficient. There was a judgment on the note after the payment of the usury, and the note was due. *Day* v. *Cummings*, 19 Vt. 496; 19 Ib. 540.

The opinion of the court was delivered by

Ross, J. I. By the demurrer to the third plea, it is admitted that the first five items in the plaintiff's specification were received by the defendant as extra interest or usury, upon the plaintiff's mortgage note for $3500; that the mortgage has been foreclosed, and these items allowed the plaintiff in ascertaining the sum due on the mortgage note, at the instance of an attaching creditor, and against the protest of the plaintiff; and that the decree remains in full force, unappealed from. It is well settled, that the right to have usury applied in payment of the note, in respect to which it was paid, or to recover it in an independent suit, is personal to the party paying it. If the plaintiff had appealed from the decree, he would in all probability have defeated the claim of the attaching creditor, to have the usury applied in reduction of the sum due on the mortgage note. But he did not appeal, and is as firmly bound by the decree, applying the usury in reduction of the sum due on the mortgage note, as he would be by a similar judgment at law. It was decided by this court in *Day* v. *Cummings*, 19 Vt. 496, that when the usury was included in a note, and the note had passed into a judgment, and the judgment had been paid, the right of the party paying it had become adjudicated, and he was not at liberty thereafter to recover it back. Much more, when by a subsisting judgment, the usury paid has been deducted and allowed, is the right of the party paying it adjudicated, and be thereby barred from recovering it a second time. Hence, the demurrer to the third plea should have been overruled, and that plea have been adjudged sufficient.

II. The fifth plea covers the sixth, seventh, eighth and ninth items of the plaintiff's specifications. These items are for usury paid on a mortgage note for fifteen hundred dollars. That note has passed into a judgment at law, without any of these items having been deducted or considered. It is settled by *Grow* v.

*Albee*, 19 Vt. 540, and *Ward* v. *Whitney*, 32 Vt. 89, that the right to recover usury paid in respect to a note, but not included therein, nor indorsed thereon, is not barred by the recovery of judgment on the note ; nor does it matter whether the note, or judgment thereon, has been paid or not. While the party paying it might have it deducted, or plead it in offset, when sued upon the note, he is not bound to have it so applied, nor to plead it in offset ; and his neglect to do so does not bar his right to recover it back in an independent suit. Such usury, usury paid *eo nomine*, gives the party paying it an immediate right of action against the party receiving it, for its recovery back. The money so paid is held by the party receiving it, as received without consideration, and to the personal use of the party paying it. On these principles the facts, admitted by the demurrer to the fifth plea, do not constitute a bar to the plaintiff's right to recover the four last items of his specification ; and that plea was properly adjudged insufficient by the County Court. The result is, the judgment of the County Court is reversed, the demurrer is overruled as to the third plea, and that plea adjudged sufficient ; and the fifth plea adjudged insufficient on demurrer, and cause remanded.