ALBERT P. CROSS *v.* S. L. AND CATHERINE MANN AND E. A. SOWLES.

*Usury.*

1.  When one has paid usury he is entitled to have it deducted as an *equitable offset without plea or answer.*
2.  Substituting *new* notes and a *new* mortgage for *old* ones does not *change the debt;* and usury paid on the *old debt* may be deducted in ascertaining the amount due on the *last* mortgage when foreclosed.
3.  Distinction between this case and those cases seeking to apply usury paid on *one* debt upon *another* debt.
4.  When *overdue* notes are transferred, usury paid to the original owner may be deducted.

THIS case was heard at the September Term, 1880 ; ROYCE, Chancellor, upon the report of a special master, who allowed the defendant $162.60, paid as extra interest, in payment of the debt —sustained the master and decreed accordingly.   The facts sufficiently appear in the opinion of the court.

*Edson, Cross & Start,* solicitors for the orator.

A payment upon one note is never regarded as a payment upon any other note.   *Ewing's Executor* v. *Griswold,* 43 Vt. 400.

The usury so paid was not included in the notes now held by the orator or the $1,299.17 note, and cannot be regarded as a payment upon either of said notes.   Usury, when paid, is never

treated as a payment upon a note, except in cases where tbe usury is included in the note, and when paid is endorsed upon the note. *Davis* v. *Converse · et al.*, 35 Vt. 503 ; *Grow* v. *Albee*, 19 Vt. 540 ; *Ware* v. *Whitney*, 32 Vt. 89 ; *Day* v. *Cummings*, 19 Vt. 496 ; *Nichols & Bliss* v. *Bellows*, 22 Vt. 581.

The usury paid to Babbitt is a claim against him, and cannot be pleaded as a set-off against the orator. Pleas in offset are only allowed between the actual parties to a suit. *Adams* v. *Bliss*, 16 Vt. 39 ; *Phelps* v. *Bulkeley*, 20 Vt. 17.

*Bryant Hall*, for the defendants, cited *Ward* v. *Whitney*, 32 Vt. 91 ; *Churchill et al.* v. *Cole et al.*, 32 Vt. 96 ; *Day* v. *Cummings*, 19 Vt. 500, 501 ; *Grow* v. *Albee*, 19 Vt. 542 ; *Ward* v. *Sharp*, 15 Vt. 115 ; *Day* v. *Dunham*, 2 Johns. Ch. 182 ; *Davis* v. *Converse*, 35 Vt. 503.

The opinion of the court was delivered by

VEAZEY, J. This is a petition to foreclose a mortgage. The bill was taken as confessed, no answer being filed, and the cause was referred to a master to take the account, upon which decree passed and the petitioner appealed. The orator holds the notes and mortgage only for the purpose of collection ; but the defendants waive all question as to his right to maintain the petition on this ground. The notes in question were not transferred to Hill, the real owner, and in whose behalf this suit is brought, until after they were due, he therefore stands in no better position than the original holder.

On the 7th of December 1876, the original notes and mortgage were taken up and cancelled, the debt evidenced, and secured by them being partly paid in cash, and the notes and mortgage in suit were given for the balance ; therefore the present indebtedness is a part of the original indebtedness. There has been no change in the debt except in its reduction by payments. The only change has been in the substitution of one mortgage for another on the same property. The defendants are not seeking therefore to apply usury paid on one debt in reduction of another debt, which was the case of *Ewing* v. *Griswold*, 43 Vt. 400, cited

by the orator. When this substitution of securities took place the defendant Mrs. Mann, the mortgagor, paid to Babbitt, the mortgagee, $162.60 extra interest on the prior notes, being the amount that had then accrued as extra according to the original agreement of the parties. The defendants made no answer, but sought before the master who took the account to have this extra interest applied as a payment in reduction of the orator's claim. The orator insists that the point could be raised only by plea or answer. The defendants do not contend against a decree. They only contend that the debt is less than the orator claims it, by reason of a payment made directly or in legal effect upon the debt. This brings the case within the rule as announced in *Warner* v. *Quinlon*, 50 Vt. 652, and distinguishes it from the early cases cited. See *Davis* v. *Converse*, 35 Vt. 503.

The orator insists that the usury paid was not included in the notes now held by the orator or in the prior notes ; and that usury, when paid, is never treated as a payment upon a note, except where the usury is included in the note or when paid is indorsed upon it. According to the master's report the original debt was $1250, and the original notes were $1299.17, from which we infer that a portion of the usury paid was included in those notes. But however this may be, it has never been held that where the maker is sued, at law or equity, by the payee, or indorsee after maturity, he could not avail himself, in defence, of all payments as well of usury as of principal and legal interest. The defence of usury paid is treated rather in the nature of an equitable offset than of a technical payment,—but is none the less available, and without plea or answer in a foreclosure suit, between parties situated as in this case. The materiality as to whether the usury was included in the note or indorsed upon it when paid, has arisen in cases where the debtor has sought to recover it back before the whole debt was paid, or where a surety has claimed the advantage of the payment. This suit is brought to enforce the balance of the debt against the maker of the notes. Where usury, not included in the note or other security, has been paid but not indorsed, the party paying has his election to sue and recover it back, whether the lawful debt has been paid or

not, or to have the usury applied in offset to the lawful debt. *Ward* v. *Sharp*, 15 Vt. 118 ; *Day* v. *Cummings*, 19 Vt. 496 ; *Grow* v. *Albee*, 19 Vt. 540 ; *Ward* v. *Whitney*, 32 Vt. 89 ; *Davis* v. *Converse*, 35 Vt. 503 ; *Nichols* v. *Bellows*, 22 Vt. 587.

No claim is made in argument that the $162.60 was paid on any other ground than as extra interest. It was properly allowed as a payment upon the lawful debt by the Court of Chancery.

Decree affirmed.