SYLVESTER CHURCHILL and LUCY CHURCHILL, his wife, *v.* MORTON COLE and LEVI UNDERWOOD.

(IN CHANCERY.)

*Interest.    Usury.    Mortgage.*

*It seems* that in the case of a note executed and delivered in this State, there being no evidence of any particular place of payment being agreed upon or understood by the parties, the law of this State as to interest will govern, notwithstanding the payee is a non-resident. POLAND, J.

C. borrowed $1500 of the orator, and gave him his note for that amount, with interest, and secured the same by mortgage. He paid the orator seven per cent. interest upon the note for several years, and the annual endorsements

of these payments showed the amount actually paid, and expressed them to be as and for each year's interest. In a petition for foreclosure of this mortgage against C. and a subsequent mortgagee, C. having without consideration released to the orator all claims for usurious interest paid by him, it was *held* that the subsequent mortgagee was not entitled to have the excess of such annual payments of interest over six per cent. applied in reduction of the amount due upon the note.

PETITION for the foreclosure of a mortgage of certain lands in Burlington, executed June 9th, 1843, by the defendant Cole to the oratrix, Lucy Churchill, to secure the payment of a promissory note for fifteen hundred dollars, dated at "Burlington, June 9th, 1843," and payable to the oratrix or order, in one year from date, with interest annually. The petition was brought at the September Term, 1858.

On the hearing before the master it appeared that the orator was, at the date of the note, an officer in the U. S. Army, and neither then was nor since had been a resident of this State; that the oratrix, who was the wife of the orator at the date of the note, was at that time transiently resident at Burlington, but since a year after that time had not resided in this State; that the consideration of the note was the loan to the defendant Cole by the oratrix of the sum of fifteen hundred dollars at the date of the note; that from that time until 1857, Cole had paid the oratrix seven per cent. interest upon the note, and that the same was endorsed thereon annually as follows:—"Received one hundred and five dollars interest on the within for one year to this date." These payments of interest and the endorsements were made without this State, Cole, however, residing here.

On the 9th of September, 1858, being the day of the service of the petition in this case upon him, the defendant Cole, without any consideration in fact, but for the expressed consideration of ten dollars, executed his release under seal to the orators of all claims he had against them for unlawful interest paid them upon the note in question.

The defendant, Underwood, claimed that the excess of each annual endorsement of interest over six per cent. upon the note should be treated as payments upon the note, and a decree rendered for the balance, but the chancellor held otherwise, and rendered a decree for the orators for the amount due upon the face

Churchill et al. *v.* Cole et al.

of the note, treating the endorsements above named as the pay-
ment merely of the annual interest thereon, from which decree
the defendant, Underwood, appealed.

*Levi Underwood, pro se.* with whom was *Asahel Peck*, cited
*Ward* v. *Sharp*, 15 Vt. 115; 1 Hilliard on Mortgages, 379;
*Marshfield* v. *Ogle*, 31 Eng. L. & Eq. 357; *Hazard* v. *Smith*,
21 Vt. 123; Blydenburgh on Usury, 106; *Jackson* v. *Dominick*.
14 Johns. 435; *Bush* v. *Avery*, 4 Comst. 225; *Lloyd* v. *Scott*, 4
Peters 205; *Day* v. *Dunham*, 2 Johns. Chan. 182; *Pearsall* v.
*Kingsland*, 3 Edwards Chan. 195; *Post* v. *Dart*, 8 Paige 639;
*Shufelt* v. *Shufelt*, 9 Paige 137; *Cruther* v. *Trabue*, 5 Dana 82;
*Day* v. *Cumming*, 19 Vt. 496; *Lowell* v. *Johnson*, 2 Shepley 240;
*Miller* v. *Hall*, 4 Denio 104.

*George F. Edmunds*, for the orators.

POLAND, J.   I. We have spent no time in the examination of
the ground taken by the orators' counsel, that the legal rate of
interest on the note executed by Cole to the orators was not fixed
and governed by the law of this State, in consequence of the
orators being non-residents of the State at the date of the note
and ever since.   As the note was executed and delivered here,
and payable generally, and no evidence in the case that any par-
ticular place of payment was understood or agreed upon between
the parties, it would seem to us pretty difficult to maintain that
the contract for interest must not be governed by the law of the
*lex loci contractus*.   But we do not find it necessary to decide any
thing on this point.

II. Is the defendant, Underwood, entitled to have what the
defendant, Cole, has paid the orators on the mortgage note above
the legal rate of six per cent. interest, deducted in making up the
decree, upon the facts appearing on the report of the master?

The questions arising upon this part of the case have been to
a considerable extent before the court at the present term, in the
case of *Ward* v. *Whitney*,* so that little need be added to what
has been already said in that case.

The note of Cole to Mrs. Churchill was given only for the

---

* See ante. page 89.

sum actually loaned to Cole, and legal interest, so that any agree-
ment for the payment of usurious interest was separate and dis-
tinct from the note, and the payment of it would not in law be a
payment upon the note itself, as it would be if included within the
note.   But the defendant, Underwood, claims that as the endorse-
ments of the annual interest on the note show the actual amount
paid, and that the amount was more than the lawful interest, this
legally effects an application to the principal of the note to that
extent.   But we think that the whole language of the endorse-
ment must be taken together to show the intent of the parties as
to the application of the money paid.   That clearly shows that
the money paid was paid *as interest,* and that the parties as
between themselves never intended it to apply upon or extin-
guish any part of the principal of the note.   The sum paid, being
stated, furnishes ample evidence of the amount paid by Cole and
received by the orators, but it proves it to have been paid as
*seven per cent. interest,* and not in extinguishment of any part of
the note.   The open and undisguised manner in which the
endorsements of the interest were made, show that there was no
apprehension by the orators that they were taking unlawful inter-
est, but probably this is of no legal importance.   In our judg-
ment the legal effect of these endorsements, made in the manner
and with the intent apparent upon their face, is the same as if
receipts had been given in the same words by the orators to Cole,
or the legal interest only had been endorsed, and the payment of
the excess proved by any legal evidence.

The conclusion is that the note remained a valid, legal security
for the amount of the principal, against Cole, and he had such a
right as the statute gives to a party paying usurious interest to
recover it back by suit, or to set it up when sued by the creditor
as a defence to that extent in reduction of the debt.

The defendant, Underwood, claims that he being a subsequent
mortgagee of the premises from Cole, had such a privity of
estate with Cole, that he has the same right to set up usury in
the prior mortgage debt that Cole himself would have, and
cites many authorities to show that such is his legal right.
Under the former law in this State on the subject of usury,
(which is still the law in many of the States,) by which the

security itself was void if the contract was tainted with usury, the defence could not only be made by the debtor in the usurious contract, but by any one who was privy to him in estate or by contract or representation. Under that state of the law, undoubtedly a subsequent mortgagee might set up as a defence to a prior incumbrance, (the payment of which he had not assumed,) that it was usurious and void. All or nearly all the cases cited by the defence are cases of this character, and arose under similar usury laws.

But our present law is totally different. The security is not affected, but the right is given to the party paying the usury to recall it at his option.

This is regarded as a right purely personal in the debtor, and though the statute gives him an action in form in assumpsit, still it is given as a penalty, and as for a tort. It does not pass to his assignee, if he becomes bankrupt or insolvent, and cannot be attached by his creditors by trustee process. In short, the statute intended that he only should enforce it, or those standing in the same legal right with him, by his assent. The result is that Cole could release or refuse to enforce this penalty if he chose to do so, and having elected to release and discharge it, we think the defendant Underwood cannot make it available to his defence. The result is that the chancellor's decree is affirmed, and the case is remanded to be perfected in the court of chancery.