### F. A. CADY *v.* GOODNOW ; J. A. CADY *v.* SAME.

#### *Usury.　Promissory Note.*

Only the person paying usury can recover it back. Thus, an accommodation maker of a promissory note cannot avail himself in a suit upon the note, of a payment of usury thereon by the party accommodated. *Alter* of interest paid by such party.

ASSUMPSIT upon promissory notes. Pleas, the general issue, set-off, and payment. Trial by the court, September Term, 1876, BARRETT, J., presiding.

The facts were, that the notes in question were executed by the defendant in this state, of which he then and at the time of trial was a citizen, and payable to the order of Hallady & Fuller, partners, at the Adams National Bank of North Adams, Massachusetts; that they were given to Elliott B. Fuller, the surviving partner of said firm, who was also a citizen of this state, to be used by him in the prosecution of his business, and were by him indorsed while current to the plaintiff, who was a money lender in North Adams; and that defendant then held and still holds the title deeds of all the real estate occupied by Fuller, as security for his liability on said notes. Defendant claimed that Fuller had paid $5,734.77 as interest and bonus on all the notes in question, and that the sum so paid should be applied, first to extinguish the interest, and then in extinguishment of the principal. The plaintiff, though not a lawyer, had knowledge of the law of Massachusetts as to interest and usury, and offered to testify in relation thereto. To the admission of his testimony the defendant objected, but it was admitted; to which defendant excepted. The court found that the contract under which the plaintiff took the notes was made in Massachusetts; that the notes were delivered there; and that all that had been paid by Fuller as bonus had been paid there, under his agreement with plaintiff for taking and delaying the enforcement of the notes; and that Fuller had paid to the plaintiff $4,735.77 as interest and bonus on all the notes, and that defendant never paid anything thereon either as interest or usury.

Judgment for plaintiff in each suit for the full amount of the notes. Exceptions by defendant.

*H. N. Hix,* for defendant, cited *Woodbridge* v. *Austin,* 2 Tyler, 367; *St. Albans* v. *Failey,* 46 Vt. 448; *Langdon & Ainsworth* v. *Brown,* 46 Vt. 512; *Richardson* v. *Anderson,* 1 Campb. 65, n. a; Swift Ev. 9.

*H. W. Brigham (Davenport & Eddy* with him), for plaintiff, cited *Danforth* v. *Reynolds,* 1 Vt. 259; *Middlebury* v. *Case,* 6 Vt. 165; *State* v. *Rood,* 12 Vt. 396; *Cilley* v. *Cushman,* 12 Vt. 494; *Birch-*

Cadys v. Goodnow.

ard v. *Palmer*, 18 Vt. 203 ; *Barron* v. *Pettes*, 18 Vt. 385 ; *Emerson* v. *Young*, 18 Vt. 603 ; *Territt* v. *Woodruff*, 19 Vt. 182; *Taylor* v. *Boardman*, 25 Vt. 581 ; *Barber* v. *Britton*, 26 Vt. 112 ; *Oaks* v. *Oaks*, 27 Vt. 410 ; *Jones* v. *Taylor*, 30 Vt 42 ; *Cobb* v. *Buswell*, 37 Vt. 337 ; *Brattleboro East Society* v. *Reed*, 42 Vt. 76 ; *Dale* v. *Kimpton*, 46 Vt. 76 ; *Roberts, admr.* v. *Welch*, 46 Vt. 164 ; Story Confl. Laws, ss. 242 *et seq.* and 292 *et seq.;* 2 Kent Com. 460 *et seq.*

The opinion of the court was delivered by

Ross, J.　These two cases were tried together by the County Court, and present the same questions, and they all arise on the trial of the defendant's pleas of payment and set-off.　It is found by the County Court, that the defendant himself has never paid the plaintiff anything on the notes in suit, either as interest or usury, but that Elliott B. Fuller, for whose accommodation the defendant executed the notes in suit, and who indorsed and passed the same to the plaintiffs, has paid the plaintiffs as interest and bonus on and in respect to the notes in both the actions, over five thousand dollars.　So far as Fuller paid the plaintiffs bonus or usury on the notes in suit, the defendant cannot avail himself of the same, either in payment or set-off to the notes in suit. The statute (Gen. Sts. c. 79, s. 4,) gives the right to recover back money paid in excess of lawful interest only to the person paying the same.　Hence, the defendant's exception to the County Court's allowing the plaintiff, who was not a professional lawyer, to testify in regard to the laws of Massachusetts, where the transactions between Fuller and themselves took place, touching the legal rates of interest there, becomes immaterial, as the defendant has not been prejudiced by it.　Neither is it stated what he testified to, nor that the County Court found any facts on his testimony. If the question were material to the proper disposition of the case, we understand that the rule which requires a party to produce the best evidence attainable, applies to proving the laws of a foreign state as well as to the proving of any other fact.　This rule requires the production of the statute of such foreign state, properly authenticated, or proved by some person who knows the book

produced to be the statute laws of such state. When the construction put upon a statute by the courts of such foreign state is to be proved, it can be done only by some person versed in the law and decisions of the courts of such state.

Whatever Fuller paid as interest on the notes in suit, operated to reduce the notes so much as he thus paid. Such payments enure to the benefit of the defendant as well as to the benefit of Fuller. It is claimed by the plaintiffs that the County Court meant by this language to include only the deductions or discounts which the plaintiffs made when they cashed the notes for Fuller. But as none of the notes have been paid by Fuller, such deductions or discounts have never been paid to the plaintiffs; and it is not to be presumed that the County Court used the word "paid," when stating the facts found by it, in any such unaccustomed meaning. It was therefore error for the County Court to render judgment for the plaintiffs for the full amount of the notes, regardless of the sums which had been paid by Fuller as interest on the notes. As the facts found by the County Court do not enable this court to ascertain the amount of the interest thus paid which has been included in the judgments, the cases must be remanded, though the trial was by the court.

Judgment in each case reversed, and the causes remanded.