## LAMOILLE COUNTY NATIONAL BANK v. BINGHAM.

*Application by Surety of Uusurious Interest paid by Principal.*

A surety cannot avail himself of usury paid by his principal.

ASSUMPSIT on a promissory note. Plea, the general issue, with notice of special matter. Trial by jury, April Term, 1877, ROYCE, J., presiding.

The note declared on was for $300, payable to the plaintiff, without words of negotiability. It appeared that defendant signed the note as surety, and that Warren I. Atkins, another signer, was the principal, and the one for whose benefit the money was obtained ; that after its execution, Atkins presented it for discount at the bank to which it was made payable, and failing in that, applied to George Wilkins to get the money on it, and that Wilkins took it and let Atkins have the money ; and that this suit was brought in the name of the plaintiff for the benefit of Wilkins, to recover the amount of the note. The note was not paid at maturity, but was suffered to lie a considerable time without any proceedings to enforce collection.

The defendant offered Atkins as a witness, and offered to prove by him, in mitigation of damages, that at different times after the execution of the note, he had paid Wilkins some sum or sums as extra interest. To the admission of that testimony, the plaintiff objected, for that if Atkins had made payments of extra interest to Wilkins, not applied nor intended to be applied on the note, such payments created an independent right of action or defence, which he alone could enforce, either by a suit in his own name, or in defence of a suit against himself, but that the defendant could not avail himself of such payments if made. But the court overruled the objection, and held that all payments of extra interest as such, as well as any other payments, made by Atkins, would operate to extinguish so much of the amount appearing to be due on the note, and that the defendant might as fully avail himself

of all such payments in this suit as Atkins could if he were a defendant; to which plaintiff excepted.

*Brigham & Waterman* and *Wilkins*, for the plaintiff.

The admission of the testimony of Atkins was erroneous. The right to recover money paid as extra interest is a personal right. It is the separate, distinct, and independent right of the principal, and the surety in an action at law against him alone, can take no advantage of it as a defence. *Ward* v. *Whitney*, 32 Vt. 89; *Churchill* v. *Cole*, 32 Vt. 93; *Davis* v. *Converse*, 35 Vt. 503; *Ewing* v. *Griswold*, 43 Vt. 400; *Low* v. *Prichard*, 36 Vt. 183; *Nichols* v. *Bellows*, 22 Vt. 581; *Austin* v. *Chittenden*, 33 Vt. 553.

*P. K. Gleed*, for the defendant.

Any sum paid by Atkins on the note in suit, even though paid as usury, may be applied in payment *pro tanto* of the principal. A *payment*, resulting in the reduction of the principal, inures to the benefit of all the signers. *Ward* v. *Sharp*, 15 Vt. 115; *Nichols* v. *Barlow*, 22 Vt. 581; *Ewing* v. *Griswold*, 43 Vt. 400.

The opinion of the court was delivered by

REDFIELD, J.   The exceptions present the single question, whether the payment by the principal of usurious interest on the note *eo nomine*, does enable this defendant, who is surety, to insist that such excess above lawful interest shall be applied as a payment of the note *pro tanto*.

This question is not new in this state. It was early held that money paid as usury could not be attached by trustee process. *Barker* v. *Esty*, 19 Vt. 131; and that such claim did not pass to the assignee in bankruptcy. *Nichols* v. *Bellows*, 22 Vt. 581. The courts speak of the matter as a *personal* right of the victim of usury, and as a mode of redressing an injury caused by personal wrong and oppression. And it is now well settled by repeated adjudications, that it is the right and privilege of the party paying usury, to recover back such usury, or insist upon its operating as a payment *pro tanto* of the principal, or to waive it, at his pleasure. *Ward* v. *Whitney*, 32 Vt. 89; *Churchill* v. *Cole*, 32

Vt. 93; *Davis* v. *Converse*, 35 Vt. 503. And more recently the same doctrine is affirmed in *Cady* v. *Goodnow*, 49 Vt. 400.

The court charged the jury that the defendant might as fully avail himself of all such payments of extra interest by Atkins (the principal), in this suit, as the said Atkins could if he were a defendant in this suit. This, we think, as tested by the uniform course of decisions in this state, was clearly error.

The exceptions show that Atkins, the principal, was a witness, but it does not appear that he claimed in his testimony that the extra interest paid by him should be applied in reduction of the note. Nor is any fact stated that would take this case out of the ordinary and well settled rules of law.

Judgment reversed, and cause remanded.