### PORTER F. SPAULDING *v.* ASA DAVIS.

*Conclusiveness of Finding.   Usury.   Parties.*

In assumpsit to recover for money paid as usury, defendant testified that the notes whereon the interest was paid, which were made payable to P., were made so payable in trust for the benefit of defendant's children and grandchildren; but the court, by which the case was tried, found that P. was not a trustee, but the agent of defendant, that defendant was the owner of the notes, and that all payments made thereon to P. were subject to defendant's control and for his benefit. *Held,* that the finding was conclusive, and presented no question of law for revision.

The right of action to recover for money paid as usury is personal to the contracting party. The purchaser of property subject to a mortgage given to secure notes drawing usurious interest, who assumes to pay such notes, cannot, therefore, recover money paid for such interest thereon.

GENERAL ASSUMPSIT. Plea, the general issue, and trial by the court, April Term, 1878, POWERS, J., presiding.

The plaintiff sought to recover the sum of $87 with interest thereon, paid for usurious interest. The facts appear from the opinion of the court.

The court rendered judgment for the full amount claimed; to which the defendant excepted.

*Brigham & Waterman,* for the defendant.

A trust was created by the arrangement between the defendant and Parker. *Porter* v. *Bank of Rutland,* 19 Vt. 410.

The court erred, therefore, in finding that in effect Parker was the defendant's agent.

The extra interest included in the eighty-dollar notes of Warren Spaulding paid to defendant could be recovered only by Warren,

or at least, in his name. *Hazard* v. *Smith*, 21 Vt. 123 ; *Nelson* v. *Cooley*, 20 Vt. 201 ; *Low* v. *Prichard*, 36 Vt. 183.

——————, for the plaintiff.

The finding of the court was conclusive against the alleged trust.

The payment by the plaintiff was voluntary. Warren Spaulding had no power to compel it. Hence the plaintiff is the only one who can assert this claim.

The plaintiff is at least entitled to judgment for what he paid on his own loan.

The opinion of the court was delivered by

REDFIELD, J. On the 25th of November, 1872, Warren Spaulding (plaintiff's father), obtained a loan of the defendant of $1,000, and mortgaged his farm as security therefor to one Nathan Parker, and with a condition in the mortgage that he should pay to said Parker in trust seven promissory notes of the same date, six for the sum of $80 each, the first payable in one year, and annually thereafter for six years, and one for $1,000, payable in six years from date. The plaintiff purchased this farm of his father March 31, 1873, and assumed and agreed to pay these notes. On the first day of January, 1875, the plaintiff hired $2,000 of the defendant, and gave his notes and mortgage to said Parker to secure $2,150, specified in four promissory notes, in the last of which $150 usury was included. The plaintiff was sued for the interest on these notes, and paid it up to October 1, 1876. The plaintiff has also paid the several $80 notes, given by Warren Spaulding, and seeks to recover in this suit all usurious interest paid on the notes secured by such mortgage.

I. The defendant testified, and now claims, that the notes were made payable to Parker, or bearer, in trust for the benefit of the defendant's children and grandchildren, and that recovery can only be had of Parker, if of any one. The court has found that Parker was not trustee, but the agent of the defendant, and that all payments on the notes were subject to the control, and

for the benefit, of the defendant, and that he was all the while the owner of the notes. The *facts* found and stated in the case conclude the parties, and there is no question of *law* arising upon this part of the case.

II.   We think this plaintiff cannot recover back the usury paid on the notes of Warren Spaulding.   The right of action in such cases is personal to the contracting parties.  See *Nelson* v. *Cooley*, 20 Vt. 201 ; *Low* v. *Prichard*, 36 Vt. 183 ; *Lamoille Co. Nat. Bank* v. *Bingham*, 50 Vt. 105 ; *Reed* v. *Eastman*, Ib. 67.   The sum paid *eo nomine* as interest on the usurious sum included in the notes and mortgages given by the plaintiff, he may recover in this suit.   That sum we compute to be $16.15.

Judgment reversed, and judgment for the plaintiff for $16.15 and interest since October 1, 1876.