JOSEPH R. RICHARDSON *v.* FRANCES M. BAKER, LAUREN A. BOLLES AND ORINDA H. BOLLES.*

[ IN CHANCERY. ]

*Usury.    Tender.    Bailment.*

The right to recover money paid as usury is personal to the payer. Thus : the assignee of a mechanics' lien, which by due proceedings had been made to take effect as a mortgage, tendered a prior mortgagee the sum due under her mortgage after deducting a certain sum alleged to have been paid her by the mortgagor as usury. The tender was refused, and the assignee brought a bill to redeem. *Held,* that the assignee could not avail himself of such payment.

The bill alleged the inclusion of usury in defendant's mortgage note, and tender of the full amount to which she was entitled. The answer denied usury, and alleged a debt greater than the sum tendered. *Held,* that the burden was on the orator to prove tender of a sum sufficient to redeem, and that the question of usury was properly raised.

After tender was made the orator deposited the money for safe keeping with the person who acted as his agent in making the tender. It was afterwards stolen from that person's possession, without fault on the part of the orator, and so lost. *Held,* that the orator, having failed to tender a sufficient sum, lost all benefit of the tender, and that the loss of the money must fall on him.

*Quære* whether one who makes a tender sufficient in amount can by any means cast the loss of the money, if it be lost without his fault while being kept as a tender, on the party to whom the tender is made.

* Heard at the February Term, 1879.

78

Richardson v. Baker.

APPEAL from the Court of Chancery.

The bill alleged execution of a mortgage of the premises in question from the defendants Lauren and Orinda to the defendant Frances, to secure payment of said Lauren's promissory note for $400 ; subsequent acquirement by one Alfred Smith of a mechanics' lien on said premises for $142.48 ; due proceedings thereon by way of memorandum, attachment, judgment, record, &c., to establish the same as a mortgage ; and subsequent conveyance of said premises and assignment of said judgment from said Smith to the orator. The bill further alleged that the said Frances employed her brother, Norman F. Shedd, who had acted as her agent in loaning money and taking and discharging mortgages, as her agent to loan the money for which said mortgage was given ; that said Frances loaned said Lauren only $380 and retained $20 as a bonus, so that said note was valid for the sum of $380 only ; that the orator applied to said Shedd to know if he would receive the sum due on said mortgage, and Shedd refused to receive it ; that the orator afterwards by his agent, Frederick W. Marsh, tendered the said Frances $477 which was more than the sum justly due on said note ; that the said Frances refused to receive it ; and that the orator had kept the amount so tendered ready for said Frances, and brought the same into court. *Prayer* for an accounting as to the sum due on said mortgage, for permission to redeem, and for general relief.

The bill was taken as confessed as against the defendants Lauren and Orinda.

The defendant Frances answered, denying that the amount of the judgment recovered by said Smith had become a mortgage lien as alleged ; denying that she loaned less than $400, denying that said note was valid for $380 only, and alleging that she was informed and believed that said Lauren employed said Shedd to obtain said loan, and agreed to allow and did allow him something for his time and trouble in obtaining said loan ; alleging that nothing had ever been paid on said note ; admitting that Marsh tendered her $477, saying, " I tender you $477 in full payment of the amount due you on the mortgage you hold on the

Lauren Bolles place "; and denying that the sum tendered was sufficient to pay the sum due on said note.

The orator afterwards filed a supplemental bill alleging that, after the said Frances refused to accept the money tendered as alleged, the orator, having no safe, deposited said money with said Marsh, " of the firm of Robbins & Marsh " for safe keeping, and notified said Frances thereof; that said Marsh immediately deposited said money in the safe in the store of said Robbins & Marsh, which was near the orator's residence, where it remained until it was stolen and carried away by burglars, who afterwards broke into said store and safe ; and that the money was so lost without fault on the part of the orator. *Prayer* for permission to redeem without further payment or tender, and without bringing the money into court.

The defendant Frances again answered, alleging that if the orator had kept the tender good by bringing the money into court, as in the original bill alleged, it would not have been lost ; alleging that said safe and store were poorly fastened, weak, and insecure, to the orator's knowledge, that the money was thus lost by reason of the orator's negligence in so depositing it, and that in any event the orator and not the defendant should sustain the loss.

That answer was also traversed and testimony was taken upon the question of usury and relative to the character of the safe, and the situation and condition of the store.

At the December Term, 1878, the court, BARRETT, Chancellor, decreed, *pro forma* and without hearing, that the orator be permitted to redeem by paying or tendering the sum due on the mortgage note ; that the supplemental bill be dismissed ; and that the costs should be determined in the final decree. Appeal by the orator.

*L. Adams*, for the orator.

The acts of Shedd in the matter of the $20 were the acts of his principal. *Austin* v. *Harrington*, 28 Vt. 130 ; *Collamer* v. *Goodrich*, 30 Vt. 628.

The transaction was between Bolles and the defendant. The orator does not claim that usury has been paid to the defendant,

but that she let Bolles have only $380, and that she should receive only that sum with interest thereon.

It is not required in chancery that the tender should be brought into court. *Washburn* v. *Dewey*, 17 Vt. 92; *McDaniel* v. *Reed*, 17 Vt. 674, 681.

Where the sum tendered is sufficient, the loss of it, if lost without fault on the part of the debtor, should in equity be borne by the debtor. See Story Bailments, 26–28, 54, 66, 67, 228; *Finucane* v. *Small*, 1 Esp. 315; Chip. Cont. 87.

*C. B. Eddy*, for the defendant Baker.

The orator has failed to show that Mrs. Baker let Bolles have only $380, and so failed to show payment of usury. 2 Parsons Bills, 100; *Collamer* v. *Goodrich*, 30 Vt. 628.

But in any event the orator is not entitled to a reduction of the $20. 2 Parsons Bills, 407; *Ward* v. *Whitney*, 32 Vt. 89; *Churchill* v. *Cole*, 32 Vt. 93; *Cady* v. *Goodnow*, 49 Vt. 400; *Lamoille County National Bank* v. *Bingham*, 50 Vt. 105; *Reed* v. *Eastman*, 50 Vt. 67.

The orator's offer made through Marsh cannot avail as a tender. It was not an offer of the sum due; it was conditional; and the money was not brought into court with the petition, nor kept for the defendant. An offer, to be good as a tender, must be unconditional. 1 Hilliard Mort. 100´; *Wendell* v. *New Hampshire Bank*, 9 N. H. 404; *Holton* v. *Brown*, 18 Vt. 224. Money tendered should be brought into court. 2 Greenl. Ev. s. 600; *Pillsbury* v. *Willoughby*, 61 Me. 274; *Woodcock* v. *Clark*, 18 Vt. 333, 336; *Perry* v. *Ward*, 20 Vt. 92, and cases *passim*.

Mrs. Baker was willing to allow the orator to redeem by paying her the sum due on her mortgage. He should therefore be denied costs, and pay costs to the defendant. *Smith* v. *Bailey*, 10 Vt 163; *Smith* v. *Blaisdell*, 17 Vt. 199; *Cree* v. *Lord*, 25 Vt. 498.

The orator is in no event entitled to the relief prayed for in the supplemental bill. The title to the money was not changed. It was still in the orator, and the loss is his. 2 Bouv. Inst. ss. 243, 385, 2439, 2927; *Law* v. *Jackson*, 9 Cow. 641; *Curtiss* v. *Greenbanks*, 24 Vt. 536; *Town* v. *Trow*, 24 Pick. 168; *Stowell* v. *Read*,

16 N. H. 20. Besides, the money was lost through the orator's negligence.

The opinion of the court was delivered by

Ross, J. The orator became interested in the premises as the assignee of a mechanics' lien which, by due proceeding under the statute, had ripened into a mortgage thereof subsequent to the mortgage held by the defendant. He tendered the defendant the amount which he claimed was due her on her mortgage, and thereupon brought this bill to redeem the premises from the defendant's mortgage. He claims that there was $20 usury included in the mortgage note held by the defendant, and that his tender is sufficient to pay the defendant's mortgage when this sum is deducted. The answer denies the usury and denies that the tender was sufficient to pay the amount due her on her mortgage debt. In this respect it is responsive to the bill. We do not think the evidence is sufficient to fairly overcome the answer and establish the usury. There is no question made that the mortgagor Bolles realized only $380, on his note for $400 ; but we think, on the evidence, the defendant advanced $400 for the note, and that the $20 was paid by the mortgagor to Shedd, the brother of the defendant, for his trouble in going to Worcester, Mass., and raising the money for him. But, however this may be, the orator cannot avail himself of the usury, if usury it be. The right to recover back usury is personal to the party paying it. Neither his surety, assignee of his equity of redemption, nor a subsequent mortgagee can avail himself of it. This has been too frequently and recently held by this court to admit of debate. *Ward* v. *Whitney*, 32 Vt. 89 ; *Churchill* v. *Cole*, 32 Vt. 93 ; *Cady* v. *Goodnow*, 49 Vt. 400 ; *Lamoille County National Bank* v. *Bingham*, 50 Vt. 105·; *Reed* v. *Eastman*, 50 Vt. 67. In the case last cited, the usury was included in the mortgage notes ; and is identical in principle with the case at bar. The orator's objection that the defendant cannot avail herself of this principle under the pleadings, is not well taken. By his bill he sets forth that there is usury included in her mortgage note which he can avail himself of in redeeming the premises, and that he has tendered to her the full amount to which

she is entitled. The answer denies that there is any usury included in the mortgage note, and claims that there is a greater sum due than the sum tendered by the orator. The burden is upon the orator, under this state of the pleadings, to show that he has tendered the defendant the full amount incumbent upon him—standing in the relation he does to the property—to tender her fully to redeem her mortgage. Hence, upon both grounds, it is held that the sum tendered by the orator for the redemption of the premises was too small; and the defendant for that reason was under no obligation to receive the money tendered. This holding renders the consideration of the question made by the defendant, that the offer of the money was accompanied with such a condition that if she had taken it it would have operated as an accord and satisfaction of her entire mortgage debt, immaterial. Inasmuch as the defendant was under no duty to receive the money tendered, because insufficient to pay her entire mortgage debt, the loss of the money while being kept as a tender in the safe of Robbins & Marsh, though without the fault or neglect of the orator, cannot be cast upon the defendant. It is questionable whether a party making a tender sufficient in amount to discharge the debt in payment of which it is made, can by any means cast its loss, if lost without his fault or neglect while being kept as such tender, upon the party to whom the tender is made; and much more questionable whether he can by any means, short of bringing the money into the court where the litigation is pending, so that if the court should find the sum tendered sufficient ·to discharge the debt or obligation, it may render judgment against the other party, and order its officer to.pay the money tendered, to the party whose duty it was to have received the same. The tender does not change the title to the money from the party making it ·to the party to whom it is made. The general doctrine is, that where property is lost without the fault or neglect of any one, its loss falls upon the person in whom the title is. The person who has tendered money to another, while keeping it good as a tender, can hardly be said to have the money tendered in his custody as the bailee of the person to whom the tender has been made. By refusing to receive the money, the person to whom it is tendered warns the

person making the tender that he need not keep the money for him. If he does keep it as a tender, he so keeps it for his own protection in regard to damages and costs in subsequent litigation. The bailor must have some right or title to the thing bailed, in order to create a legal bailment. Although the party making the tender notifies the other party that he shall keep the tender good, so that the other party can receive it at any time thereafter, when he may elect, it still remains not only the property, but at the disposal, of the party offering it in tender. He can, with or without notice, withdraw it from being held as such tender. The decision of this case does not, however, require a decision of the question whether, under any circumstance, and, if so, under what circumstance, the party making a tender can so keep it that if it be lost without his fault or neglect while being so held, such loss will fall on the party to whom the tender was made, and who ought to have received it. By what has been said it is not intended to decide that question. The orator having failed to tender a sufficient amount of money to make it the duty of the defendant to receive the same, loses all benefit from the tender ; and the loss of the money while being kept as a tender, though without the orator's fault or neglect, must fall upon him.

The result is, that the decree of the Court of Chancery, dismissing the supplemental bill with costs to Frances M. Baker, and allowing the orator to redeem her mortgage by payment of the note of $400, interest, and her costs by a certain day to be named, or the orator's right to redeem to be foreclosed, is affirmed, and the cause remanded.