Argued 16 December, 1902; decided 19 January, 1903.

### IRWIN v. WASHINGTON LOAN ASSOCIATION.

[71 Pac. 142.]

EXTENT OF USURIOUSNESS OF BUILDING MORTGAGE.

1. A building and loan mortgage, by which, under guise of premiums, installments on stock, and interest, the amount actually received for the use of the money loaned is in excess of the interest permitted by law, is not usurious on account of the original transaction, but only as to the excessive payments.

PLEA OF USURY BY GRANTEE OF MORTGAGED LAND.

2. A purchaser of realty subject to an usurious mortgage, who has assumed and agreed to pay such lien as a part of the purchase price, cannot plead usury against a foreclosure thereof.

REAPPLICATION OF PAYMENTS ON USURIOUS MORTGAGE.

3. A purchaser of land subject to a mortgage to a building association, under the terms of which the grantor paid usurious interest, is not entitled to have that part of the interest paid by the grantor which exceeded the legal rate reapplied in satisfaction of the principal; but is entitled to a reapplication of the excess charges that he has himself paid since purchasing.

From Marion: REUBEN P. BOISE, Judge. ·

Suit by W. J. Irwin against the Washington National Building, Loan and Investment Association to secure the cancellation of a mortgage, in which plaintiff had a decree, and defendant appeals.                              MODIFIED.

For appellant there was a brief over the names of *Peters & Powell* and *Guy G. Willis*, with an oral argument by *Mr. W. A. Peters.*

For respondent there was a brief over the name of *Carson & Adams*, with an oral argument by *Mr. John A. Carson.*

MR. JUSTICE BEAN delivered the opinion.

This is a suit to cancel a mortgage to a building and loan association on the ground that the loan secured by it has been fully paid. The mortgage was given by J. A. Rotan and wife on the 15th of November, 1895, to secure the payment of a note for $1,400, due on or before seven years after date, with interest thereon at 6 per cent per annum, and also to secure the payment of a premium thereon at 6 per cent per annum; the interest and premium payable monthly, together with a monthly payment of $9.10 on fourteen shares of stock in the defendant corporation, which Rotan was required to subscribe for and assign to the defendant as additional security for such loan. The mortgage is substantially in the same form, and given in pursuance of the same plan or scheme, as the mortgages in similar cases heretofore decided by this court: *Washington Invest. Assoc.* v. *Stanley,* 38 Or. 319 (63 Pac. 489, 84 Am. St. Rep. 793) ; *Western Sav. Co.* v. *Houston,* 38 Or. 377 (65 Pac. 611) ; *Pacific Build. Co.* v. *Hill,* 40 Or. 280 (56 L. R. A. 163, 67 Pac. 103) ; *Frost* v. *Pacific Sav. Co.* 42 Or. 44 (70 Pac. 814). Rotan made monthly payments of $23.10 for interest, premium, and on the shares of stock until November, 1899, when he sold and conveyed the mortgaged property to the plaintiff, subject to the mortgage, and assigned to him his interest in the stock. The plaintiff thereafter continued to make like payments until and including the month of April, 1902, and, assuming that the debt had been paid, he brought this suit in June for a cancellation thereof. The case differs from that of *Frost* v. *Pacific Sav. Co.* 42 Or. 44 (70 Pac. 814), where the purchaser expressly agreed to pay the mortgage as a part of the purchase price of the premises, while in the one at bar the purchase was made subject to the mortgage, but the purchaser did not assume or agree to pay it. It is not believed, however, that this difference can materially affect the result. The substantial question, under either state of facts, is whether the purchaser is entitled to a reapplication of payments made by his grantor.

1. Under the decisions of this court, mortgages to building and loan associations of the kind now under consideration are not

usurious on account of the original transaction, but only as to the payments under guise of premiums, installments on stock, and interest, when they are in excess of the interest permitted by law, in which case the person making them is entitled to insist that the surplus over the stipulated interest shall be applied in discharge of the principal.

2. Where one buys land upon which there is an usurious mortgage, and assumes and agrees to pay the same as a part of the consideration, he cannot set up usury in the original transaction as a defense against the mortgage (see cases cited in *Frost* v. *Pacific Sav. Co.* 42 Or. 44), because the mortgagor thereby in effect puts in his hand money with which to pay the debt, and it would be a fraud upon both the mortgagor and the mortgagee to permit the purchaser to escape payment on · account of usury when the mortgagor had waived, or was unwilling to make, such defense. And it has been held in some jurisdictions that the same rule will apply to the purchaser of property subject to a mortgage or to a subsequent mortgagee: *Warwick* v. *Dawes,* 26 N. J. Eq. 548; *Hill* v. *Alliance Build. Co.* 6 S. D. 160 (60 N. W. 752, 55 Am. St. Rep. 819); *De Wolf* v. *Johnson,* 23 U. S. (10 Wheat.) 367; *Union Nat. Bank* v. *International Bank,* 123 Ill. 510 (14 N. E. 859); *Ready* v. *Huebner,* 46 Wis. 692 (1 N. W. 344, 32 Am. Rep. 749); *Pritchett* v. *Mitchell,* 17 Kan. 355 (22 Am. Rep. 287).

3. But, whatever the true rule may be as to the right of a purchaser who does not assume or agree to pay the mortgage to set up usury in the original transaction as a defense, he takes the property incumbered and subject to the amount due on the mortgage at the time of his purchase; and when, as in this case, the mortgage is not void except as to the excess of interest, he will not be entitled to a reapplication of payments made thereon by his grantor, nor to the benefit of any usurious payments made by him. The right to have money paid as usurious interest applied on the principal, or to recover the surplus, if any, after principal and lawful interest have been paid, is a matter personal to the party making the payment and those in privity with him, which he may insist upon or waive, at his

pleasure, and of which his grantee cannot take advantage: Thompson, Bldg. & Loan Assocs. p. 522, § 260; *Reed* v. *Eastman,* 50 Vt. 67; *Lamville Bank* v. *Bingham,* 50 Vt. 105 (28 Am. Rep. 490); *Richardson* v. *Baker,* 52 Vt. 617. But payments made by the grantee after the purchase on a mortgage such as the one now under consideration will be applied, as between himself and the mortgagee, not according to the terms of the contract, but as equity may suggest. He will thereafter stand, so far as such payments are concerned, in the same situation as if he were the original debtor, and will be entitled to have all in excess of the stipulated interest applied in discharge of the debt: *Nunn* v. *Bird,* 36 Or. 515 (59 Pac. 808). And this is practically the effect of the Frost case. There the loan company conceded that all payments made by Frost on the note and mortgage given by him in lieu of that of his grantor were to be applied according to the rule in the Stanley case (38 Or. 319, 63 Pac. 489, 84 Am. St. Rep. 793). The point of contention, however, was whether Frost was entitled to have the payments made by his grantor prior to his purchase applied in the same manner, and the court held that, having purchased the property subject to the mortgage, he could not question the amount then due thereon.

It follows from these views that all payments made by Rotan prior to his sale to the plaintiff must be applied as intended by him and the defendant company, but that all payments made thereafter by the plaintiff as interest in excess of the agreed rate will be applied to the discharge of the principal, and a decree will be entered here accordingly, if it can be done under the record; if not, the cause will be remanded to the court below for further proceedings.      MODIFIED.