Argued 15 December, 1903; decided 11 January, 1904.

## EPPING *v.* WASHINGTON INVEST. ASSOC.

[74 Pac. 923.]

LOAN COMPANY—USURY—APPLICATION OF PAYMENTS.

1. A contract between a borrowing member of a building and loan association and the association, by which the borrower pays interest on the loan and other charges which make the annual charge for the use of the money borrowed more than the highest amount of legal interest, is usurious as to all payments other than the interest stipulated; and, as between the parties, all such payments should be applied to the payment of the debt and interest.

CANCELLATION OF BUILDING AND LOAN MORTGAGE.

2. A member having mortgaged property to a building and loan association to secure a usurious loan, and, after making sundry payments thereon, conveyed it to one who did not assume the debt but voluntarily continued the payments for some time, and having been appointed executor after the grantee's death, is entitled to sue and obtain an application to the extinguishment of the debt of all payments made by him, and, as executor, to obtain a like application of all payments made by decedent.

From Multnomah:  MELVIN C. GEORGE, Judge.

Suit by J. Adrian Epping, individually and as executor of the estate of Louise I. E. Epping, deceased, against the Washington National Building, Loan & Investment Association. From a decree in favor of plaintiff, defendant appeals. The case was submitted on briefs under the proviso of Rule 16 of the supreme court.    AFFIRMED.

For appellant there was a brief over the names of *Guy G. Willis* and *Peters & Powell.*

For respondent there was a brief over the names of *John Manning* and *William Reid.*

MR. JUSTICE BEAN, after stating the facts in the foregoing terms, delivered the opinion of the court.

This is a suit by J. Adrian Epping, in his own right and as executor of the estate of Louise I. E. Epping, deceased,

to compel the cancellation of a note and mortgage to the defendant building and loan association. The mortgage was given by Epping on August 11, 1894, to secure the payment of a promissory note executed by him to the defendant for $1,500, due on or before eighty-four months after date, bearing interest at 6 per cent per annum, and 6 per cent per annum as premium, and also to secure the payment of $9.75 per month on fifteen shares of stock in the defendant company, which he was required to subscribe for and assign to it as additional security for such loan. The note and mortgage is in the form and given in pursuance of the same plan or scheme as in the cases of Stanley, Irwin, and Hubert against the defendant : *Washington Invest. Assoc.* v. *Stanley*, 38 Or. 319 (63 Pac. 489, 58 L. R. A. 816, 84 Am. St. Rep. 793); *Hubert* v. *Washington Invest. Assoc.* 42 Or. 71 (71 Pac. 64); *Irwin* v. *Washington Loan Assoc.* 42 Or. 105 (71 Pac. 142). Epping made monthly payments of $24.75 for interest, premium, and on the shares of stock, until the 18th of July, 1895, when he sold and conveyed, by quitclaim deed, subject to the mortgage, his interest in the mortgaged premises to his mother, Louise I. E. Epping, who continued to make like monthly payments up to and including the month of November, 1900. Mrs. Epping soon thereafter died, and the plaintiff, having been appointed executor of her estate, brought this suit in November, 1901, to compel the cancellation of the note and mortgage on the ground that the payments made thereon by himself and his testatrix, when applied in acaccordance with the previous decisions of this court, are sufficient to pay the amount due thereon. The case is controlled by those above cited. In the Stanley and Hubert cases, it was held that contracts like that in suit between the defendant and its borrowing members, under the laws of this State, are usurious as to all payments in excess of the stipulated rate of interest made or agreed to be made

thereon, under the guise of premiums, installments on stock, etc., and that, as between the parties, such payments will be applied to the extinguishment of the debt and interest.

In the Irwin case it was held that a purchaser from the mortgagor is entitled to insist that all payments made by him be applied as if he were the original debtor. The plaintiff, who is a proper party to this suit, and has a personal interest in securing the cancellation of the note made by him, is therefore entitled, under the doctrine of the Stanley and Hubert cases, to an application on the original debt and interest thereon of all payments made by him, and, under the Irwin case, as the executor of his mother, to a like application of payments made by her. As the payments made by the plaintiff and his mother will, when so applied, extinguish the debt, the decree is affirmed.

AFFIRMED.