Argued 22 June, decided 17 July, rehearing denied 28 August, 1905.

## DARR *v.* GUARANTY LOAN ASSOC.

81 Pac. 565.

BUILDING AND LOAN ASSOCIATION — COMPLAINT IN SUIT FOR CANCELLATION OF MORTGAGE.

1. A complaint in a suit to cancel a mortgage for usury, on the theory that the mortgagee was a building and loan association, which shows merely that defendant is a corporation, that plaintiff executed and delivered to it a certain mortgage by which he promised to pay it a specified sum with interest at a given rate and a monthly premium, the two amounting to more than the highest legal interest, with certain dues on sundry shares in said association, is not sufficient, since it does not thereby appear that the defendant is a building and loan association at all, or an organization having an unlawful plan of operation, or that plaintiff owned the stock on which he paid monthly assessments, thus not showing any intent or conduct in violation of the interest laws.

PLEADING FACTS — OMITTING CONCLUSIONS.

2. A pleading should state the facts on which the pleader relies, leaving the conclusions to be deduced as matters of law. For instance, an allegation that the pleader had repaid in full a certain loan, is merely a statement of a conclusion, the dates and amounts of the payments should have been set out.

RULE FOR CONSTRUING PLEADINGS.

3. A pleading should be construed against the pleader in case of doubt, when considered on demurrer.

From Multnomah : MELVIN C. GEORGE, Judge.

This is a suit by I. G. Darr against the Guaranty Savings & Loan Association and others to cancel a mortgage. The complaint alleges the incorporation of the defendants the Guaranty Savings & Loan Association and the State Institution for Savings ; that the latter claims some interest in the realty involved ; that defendant Guesmer claims to be the assignee of the mortgage in question ; that plaintiff is the owner of certain real property (describing it):

"That on or about March 1, 1895, plaintiff executed to defendant Guaranty Savings & Loan Association a non-negotiable first mortgage bond, by which he agreed to pay said defendant $900, with interest at the rate of 6 per cent per annum, interest payable monthly, also premium at the rate of 7 per cent per annum, payable monthly, and 60 cents per month as dues on each of 9 shares in said defendant company, and also plaintiff executed to said defendant Guaranty Savings & Loan Association a nonnegotiable mortgage by which he mortgaged to said defendant the aforesaid property to secure the payment of the said $900, premium and interest, according to the tenor of the above-described nonnegotiable first mortgage bond, which mortgage was duly recorded in the office of the Recorder of Conveyances of Multnomah County, Oregon, in Book 159 of Mortgages, at page 400 thereof ; that, by the terms of said bond and mortgage, plaintiff agreed to pay, and defendant agreed to accept from plaintiff, for the use of the the money so loaned, more than 10 per cent per annum, viz., interest at the rate of 6 per cent per annum, payable monthly, and premium at the rate of 7 per cent per annum, payable monthly ; that said bond, mortgage, and all other papers signed and executed by plaintiff were made

and delivered by said plaintiff to defendant in the City of Portland, Multnomah County, Oregon, and all of said payments were to be made and were made by plaintiff and received by defendant in said City of Portland. Plaintiff further alleges that he has paid said defendant Guaranty Savings & Loan Association all of said principal sum, with more than 6 per cent interest per annum for the use of the said $900, and is entitled to have all payments made to defendant Guaranty Savings & Loan Association applied in satisfaction of the original debt, and to have said mortgage canceled and released. and the cloud on the title to said property removed, and the title to said property quieted.''

The prayer is that the mortgage be decreed to be usurious; that all payments made thereon by plaintiff, above six per cent interest, be applied upon the original debt; that the bond and mortgage be decreed to be paid and satisfied, and the mortgage canceled; that the cloud upon plaintiff's property by reason of said mortgage be removed, and his title quieted; and for such other relief as may seem equitable. The defendants interposed a demurrer to this complaint, which was overruled, and, refusing to plead further, the plaintiff had a decree, from which the former appeal.      Reversed.

For appellants there was a brief over the name of *Carey & Mays*, with an oral argument by *Mr. Robert Finley Bell.*

For respondent there was a brief over the names of *R. & E. B. Williams* and *Raleigh Trimble*, with an oral argument by *Mr. Trimble.*

Mr. Chief Justice Wolverton delivered the opinion.

This suit is denominated by plaintiff as one to remove a cloud from title, but it is in reality for the cancellation of a mortgage upon the ground that the debt which it was given to secure has been fully paid and satisfied: The question presented is whether the complaint states facts sufficient to entitle plaintiff to the relief sought. The

plaintiff evidently intended to bring himself within the
principle enunciated by this court—that payments made
to so-called building and loan associations by borrowers
under the guise of premiums and dues would be treated
as payments upon the principal, and, if sufficient to dis-
charge it, the obligation and mortgage given for its secur-
ity would be canceled, and the land freed of the incum-
brance.  The reason lying at the root of the principle is
that the statute authorizing the organization of building
and loan associations, and regulating the conduct of the
business thereof, not having been previously construed
by the courts, was in all probability not well understood
by either promoters, managers, stockholders or borrowers
of such associations as attempted to engage in the business
within the State, and it could not certainly be determined
that the contracts with them were entered into with a mu-
tual corrupt intent of evading the statute against usury;
hence that the punishment for usury would not be visited
upon the lender by forfeiting the principal to the school
fund, but that the association would only be permitted to
receive interest charged as such, and the payments of
premiums, dues, etc., would be credited to the reduction
of the principal: *Washington Invest. Assoc.* v. *Stanley*, 38
Or. 319 (63 Pac. 489, 58 L. R. A. 816, 84 Am. St. Rep. 793);
*Western Sav. Co.* v. *Houston*, 38 Or. 377 (65 Pac. 611);
*Irwin* v. *Washington Loan Assoc.* 42 Or. 105 (71 Pac. 142);
*Epping* v. *Washington Invest. Assoc.* 44 Or. 116 (74 Pac.
923).

1. Now, it being the purpose of plaintiff to bring him-
self within this doctrine, and thereby secure the benefits
of the payments of premiums and dues, as they are termed
in the complaint, upon the principal, it was essential for
him to show that he had contracted with a building and
loan association having a plan or scheme for conducting
its business different from that sanctioned by the statute,

and other facts indicating that there was not a corrupt intent between himself and the defendants to receive and pay the excessive interest; otherwise the unpaid principal should be forfeited to the school fund. His complaint shows nothing of the kind. It appears merely that the defendant the Guaranty Savings & Loan Association was and is a corporation; but for what purpose it was organized, or what the nature of the business it was conducting, is not shown. Further, it appears that the plaintiff executed to the association a nonnegotiable first mortgage bond, by which he agreed to pay the association $900, with interest at the rate of 6 per cent per annum, a premium at the rate of 7 per cent per annum,.and monthly dues of 60 cents on each of nine shares in such association, and also executed a nonnegotiable mortgage to secure the payment of his obligation according to its tenor; that by the terms of such bond and mortgage it agreed to pay, and defendant agreed to accept from plaintiff, for the use of the money so loaned, more than 10 per cent per annum, namely, interest at the rate of 6 per cent per annum, and premium at the rate of 7 per cent per annum, payable monthly. There is here no indication as to who owns the nine shares of stock, or whether the plaintiff has any connection with the association, other than as a borrower; and if such is the relation, and the premium was intended as additional compensation for the use of the money, the contract is clearly usurious, and the debt ought to be forfeited to the school fund.

2. The succeeding allegation is merely a conclusion of law, and it is impossible to say whether the bond has been paid or not, and, if so, upon what basis. It is in effect that plaintiff has paid the association the principal and more than 6 per cent thereon, and is entitled to have the same applied to satisfy the debt. Good pleading requires that the amounts and times of the payments be shown, so that

the court may be enabled to say whether the debt has been discharged or not.

3. Taking the complaint as a whole and construing it most strongly against the pleader, as the rule requires when tested by demurrer, it is totally lacking in the essentials to bring the pleader within the doctrine of the cases above alluded to, as seems to have been the especial purpose of the suit, and the demurrer ought therefore to have been sustained.

The order of the court will be that the decree of the circuit court be reversed, that the demurrer be sustained, and that the cause be remanded for such other and further proceeding as may seem meet.                    REVERSED.