Argued 12 July, decided 15 August, 1904.

**JOHNSON *v.* WASHINGTON LOAN ASSOC.**

[77 Pac. 872.]
</div>

Building and Loan Companies—Estoppel by Delay.

The relation between a building and loan association and a borrowing member being one of lender and borrower only, the latter is not estopped by delay from demanding a proper application of his payments. A claim of estoppel because had the association known sooner that such a claim would be made it would not have settled with other members as it did, is not good, for the association is not an innocent party who has been injured by the conduct of the borrower, but is the originator of an unlawful scheme by which the borrower has been injured.

From Marion: Reuben P. Boise, Judge.

Suit by H. A. Johnson and others against the Washington National Building, Loan and Investment Association to procure the cancellation of a mortgage. Defendant appeals. The case was submitted on briefs, under the proviso of Rule 16 of the supreme court: 35 Or. 587, 601.

<div style="text-align:right">Affirmed.</div>

For appellant there was a brief over the names of *George G. Bingham* and *Peters & Powell*.

For respondent there was a brief over the name of *Richardson & Richardson*.

Mr. Justice Bean delivered the opinion of the court.

This suit is similar to many others that have been before the court in one form or another, the purpose being to can-

cel a mortgage given to a so-called building and loan association, on the ground that the debt secured thereby has been fully paid. The defendant appeared specially and moved to quash the service of summons. The motion was overruled and defendant given until a day certain in which to answer, but failing to answer within the time allowed by the court, a decree by default was entered against it. Thereafter it moved to be relieved from the default and for permission to answer, at the same time tendering the answer which it desired to file. The motion was denied on the ground that the answer tendered did not state facts sufficient to constitute a defense, and the defendant appeals.

The proposed answer attempts to set up an estoppel, and is substantially the same as the one held insufficient in the Hubert case: *Hubert* v. *Washington Invest. Assoc.* 42 Or. 71 (71 Pac. 64). The only difference is that it is now alleged that if the defendant had been advised of the claim of the plaintiff that he was entitled to have all payments made by him in the form of premiums, assessments on stock, etc., credited as payments on the original loan, it would have prevented a withdrawal of other stockholders until their rights could be adjusted on the same basis, but that, relying in good faith upon plaintiff's acquiescence in the settlements and adjustments made with him, it had made settlements with other stockholders on the basis of its interpretation of the contract and allowed them to withdraw from the association, to its irreparable loss and that of its existing stockholders. This averment does not aid the defense of estoppel. The contract between plaintiff and defendant, notwithstanding its form, was a mere loan of a sum of money by the defendant to the plaintiff. The plaintiff was nothing more than a borrower, and was entitled to have all payments made by him applied in discharge of his indebtedness: *Washington Invest. Assoc.* v. *Stanley*, 38 Or. 319 (58 L. R. A. 816, 84 Am. St. Rep. 793, 63 Pac. 489);

*Western Sav. Co.* v. *Houston,* 38 Or. 377 (65 Pac. 611). The nature and character of the contract and the rule applicable to its adjustment are thus clearly stated by Mr. Justice QUARLES in *Fidelity Savings Assoc.* v. *Shea,* 6 Idaho, 405, 415 (55 Pac. 1022): "In the case at bar, we construe the entire contract to be one of loan ; that it was entered into for the purpose solely of borrowing money by one of the parties, and lending by the other ; that the relation of corporation and stockholder exists, not in fact, but purely in fiction ; and that the object of the plaintiff in entering into the contract was purely for the purpose of increasing its capital by obtaining large returns for the use of its money. In no case where the two relations are blended together, as in this case, and the stock and debt are both contemporaneously extinguished by monthly payments upon the debt or upon the so-called stock, will the contract be treated by this court other than a contract of loan." Since the contract is to be regarded merely as a loan of money by the defendant to the plaintiff, defendant's disposition of the payments made by plaintiff is immaterial. The money belonged to it and could be disposed of as it saw proper. It is not in the position of an innocent agent or stockholder, who has parted with money on the faith or conduct of the one claiming it. It was the originator of the scheme to collect from the borrower more than the legal rate of interest under the guise of a building and loan association, and is not entitled to make the defense of estoppel as against one of its so-called borrowing members.

The decree is affirmed.    AFFIRMED.